**Rufus BEACHAM, on his own behalf and on behalf of all others similarly situated, Plaintiff,**

v.

**Martin BRATERMAN, as Supervisor of Registration for Dade County, Florida; Claude Kirk, Governor, Tom Adams, Secretary of State, Earl Faircloth, Attorney General, Fred O. Dickinson, Jr., Comptroller, Doyle Conner, Commissioner of Agriculture, as members of the Pardon Board; and their successors in office, Defendants.**

Civ. No. 68–748.

United States District Court
S. D. Florida,
Miami Division.

May 5, 1969.
Judgment Affirmed Oct. 20, 1969.
See 90 S.Ct. 153.

William D. du Fresne, Legal Services Program, Inc., Elizabeth J. du Fresne, Miami, Fla., for plaintiff.

Earl Faircloth, Atty. Gen., T. T. Turnbull, James McGuirk, Asst. Attys. Gen., Tallahassee, Fla., for defendants.

OPINION and ORDER

Before SIMPSON, Circuit Judge, and ATKINS and EATON, District Judges.

EATON, District Judge:

Plaintiff, a convicted felon attempted to register to vote in Dade County, Florida, and was refused the right to register solely because he was a convicted fel-

on whose civil rights had not been restored. He applied for a pardon, which would have included a restoration of his civil rights, and his application was denied. Neither the Governor of Florida nor members of the State Cabinet have established specific standards to be applied to the consideration of petitions for pardon.

The cause was filed as a class action. However, by agreement of the parties, the matter was heard on stipulated facts, memoranda briefs and oral argument. It was understood by the parties that the procedural steps outlined in Rule 23(c) (2) and (3), Fed.R.Civ.P., would not be followed. Therefore, the cause has not been maintained as a class action.

The Plaintiff challenges the following Florida constitutional and statutory provisions:

Article IV, Section 8, Florida Constitution, 1969, F.S.A.:

"Clemency.—(a) Except in cases of treason and in cases where impeachment results in conviction, the governor may, by executive order filed with the secretary of state, suspend collection of fines and forfeitures, grant reprieves not exceeding sixty days and, with the approval of three members of the cabinet, grant full or conditional pardons, restore civil rights, commute punishment, and remit fines and forfeitures for offenses."

Article VI, Section 4, Florida Constitution, 1969:

"Disqualifications.—No person convicted of a felony, or adjudicated in this or any other state to be mentally incompetent, shall be qualified to vote or hold office until restoration of civil rights or removal of disability."

Florida Statute 97.041(5) (d), F.S.A.

"Qualifications to register

The following persons are not entitled to vote:

4. Persons convicted of any felony by any court of record and whose civil rights have not been restored."

Florida Statute 940.05, F.S.A.

"Pardon restores rights of citizenship

All persons who have received or who may receive full pardon from the board of pardons shall be entitled to all the rights of citizenship enjoyed by them before their conviction, whether the pardon is granted before or after the expiration of the sentence or payment of the penalty."

He says that each violates the rights of citizenship, equal protection of law and due process of law secured by the 14th Amendment to the Constitution of the United States. He seeks to enjoin the Supervisor of Registration for Dade County, Florida, from enforcing those Florida constitutional and statutory provisions. As an alternative to an injunction entered against the Supervisor of Registration, Plaintiff seeks to enjoin the Governor of Florida from continuing to grant and deny petitions for pardons in a purely discretionary manner without resort to specific standards which are not more stringent than those required of registrants who have not been convicted of a felony.

During oral argument counsel for the Plaintiff stressed that the attack here is upon the constitutional and statutory provisions and not upon the pardon power itself. However, for all practical purposes, Florida's right to disenfranchise convicted felons is being challenged and the discretionary exercise of the pardon power by the executive branch of Florida's government is being challenged.

■ I. The initial question before the Court is whether a state may constitutionally exclude from the franchise persons otherwise qualified to vote who have been convicted of a felony. We hold that the state may do so and that the Florida constitutional and statutory provisions which effect that exclusion are valid.

The Second Circuit Court of Appeals in Green v. Board of Elections of the City of New York, 380 F.2d 445 (1967), cert. den. 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840, recently addressed itself to

that question and decided that it presented an insubstantial issue which did not require the convening of a three judge court. We agree with that Court that "[e]ven though the precise issue has not arisen before the Supreme Court, the propriety of excluding felons from the franchise has been so frequently recognized—indeed put forward by the Justices to illustrate what the states *may* properly do—that such expressions cannot be dismissed as unconsidered dicta." (Emphasis theirs.) See such expressions in Davis v. Beason, 133 U.S. 333, 346–347, 10 S.Ct. 299, 33 L.Ed. 637 (1890); Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 n. 13, (1946); Tropp v. Dulles, 356 U.S. 86, 96–97, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) (Warren, C. J.); Lassiter v. Northampton County Board of Elections, 360 U.S. 45, 51, 79 S.Ct. 985, 3 L.Ed.2d 1072 (1959) (Douglas, J.); Gray v. Sanders, 372 U.S. 368, 380, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963) (Douglas, J.); and Harper v. Virginia State Board of Elections, 383 U.S. 663, 673, 675 n. 4, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966) (dissenting opinion of Black, J.).

II. The succeeding question is whether it is a denial of equal protection of law and due process of law for the Governor of Florida, with the approval of three members of the Cabinet, to restore discretionarily the right to vote to some felons and not to others. We hold that it is not. The restoration of civil rights is part of the pardon power and as such is an act of executive clemency not subject to judicial control.

The discretionary power to pardon has long been recognized as the peculiar right of the executive branch of government. United States v. Wilson, 32 U.S. (7 Pet.) 150, 8 L.Ed. 640 (1833); Ex parte Garland, 71 U.S. (4 Wall) 333, 18 L.Ed. 366 (1866); Ex parte Grossman, 267 U.S. 87, 45 S.Ct. 332, 69 L.Ed. 527 (1925); United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); Solesbee v. Balkcom,

339 U.S. 9, 70 S.Ct. 457, 94 L.Ed. 604 (1949), reh. den. 339 U.S. 926, 70 S.Ct. 618, 94 L.Ed. 1348 (1950).

The Courts of Appeals for several circuits have stressed the freedom of the executive pardon power from judicial control. Bozel v. United States, 139 F. 2d 153 (6th Cir. 1943), cert. den. 321 U.S. 800, 64 S.Ct. 937, 88 L.Ed. 1087 (1944), reh. den. 322 U.S. 768, 64 S.Ct. 1054, 88 L.Ed. 1594 (1944); Yelvington v. Presidential Pardon & Parole Attorneys, 94 U.S.App.D.C. 2, 211 F.2d 642 (1954); Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582 (1955), rev'd on other grounds without opinion, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); United States v. Patti, 291 F.2d 745 (3rd Cir. 1961); and Davis v. State of North Carolina, 339 F.2d 770 (4th Cir. 1964), rev'd on other grounds, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966).

The Fifth Circuit Court of Appeals case of Murray v. State of Louisiana, 347 F.2d 825 (1965) is persuasive. There the Court found no violation of the equal protection clause where the State of Louisiana refused to give the same effect to a pardon granted by the State of Missouri that it would have given to its own pardon. Circuit Judge Gewin wrote for the Court that pardons "are not granted as a matter of right, but as an act of grace."

The historic executive prerogative to grant a pardon as an act of grace has always been respected by the Courts. Where the people of a state have conferred unlimited pardon power upon the executive branch of their government, the exercise of that power should not be subject to judicial intervention.

Accordingly, it is ordered that the relief sought in the complaint is denied and this cause is dismissed. Defendants' costs, if any, may be taxed by the Clerk upon appropriate motion. This opinion and order constitutes the final judgment herein.