**Mrs. Judith KRONLUND, for Herself and All Others Similarly Situated,**

v.

**Joseph HONSTEIN et al.**

**Civ. A. No. 14103.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 13, 1971.

Robert Neil Dokson, Michael H. Terry, Atlanta, Ga., for plaintiff.

Webb, Parker, Young & Ferguson, Atlanta, Ga., for Joseph Honstein.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for State defendants.

Before BELL, Circuit Judge, and MOYE and O'KELLEY, District Judges.

## ORDER

O'KELLEY, District Judge.

Pursuant to 28 U.S.C. § 2281 and § 2284, a three-judge court was convened to determine the constitutionality of § 2–801 of the Georgia Constitution of 1945. This action was initiated by Mrs. Judith Kronlund, on behalf of herself and others similarly situated on the grounds that this statute constitutes an unconstitutional deprivation of rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment, by the Eighth Amendment, and by the First Amendment to the Constitution of the United States. By this action, Mrs. Kronlund specifically seeks: (1) A declaratory judgment pursuant to 28 U.S.C. § 2201, et seq. declaring § 2–801 unconstitutional on its face and as applied; and (2) a preliminary and permanent injunction pursuant to 42 U.S.C. § 1986 ordering the defendants to refrain from refusing to process voter registration applications of the plaintiff and others similarly situated.

Mrs. Kronlund has been a resident of Fulton County for six months and a resident of Georgia for one (1) year. On July 9, 1970, she applied to register to vote, but her application was denied on the ground that she was an unpardoned felon whose civil and political rights had not been restored. Mrs. Kronlund admits that at the age of 18, she was convicted in the District Court for the Southern District of California of smuggling heroin into the United States and was sentenced to serve a term of zero to six years. This crime is a felony and is a crime involving moral turpitude. She alleges that her conviction was due to a narcotic addiction which she has now overcome. Having served her prison sentence, and allegedly overcome her addiction, she claims to be a fully rehabilitated and useful member of society who wishes to vote.

The Georgia State Board of Pardons and Paroles has the requisite authority to grant restoration of civil and political

rights to applicants who have been convicted of crimes inside or outside the State of Georgia. The process which an applicant must go through is relatively simple, and the granting of restoration seemingly commonplace.

■ Section 34–615 Ga.Code Ann. also provides a remedy for people such as Mrs. Kronlund. That section provides that any person who is denied the right of registration may appeal to the Superior Court of the county. Either of these two options was readily available to the plaintiff. Although in an action brought under 42 U.S.C. § 1983, the plaintiff is not required to exhaust his state and administrative remedies before coming into federal court, [See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, (1961) and King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968)] this Court takes note of the fact that the plaintiff did not seek to avail herself of either of these remedies, but rather chose to come directly into the federal court to question the constitutionality of the statute.

The plaintiff challenges the following Georgia constitutional provision:

Article II, Section II, Georgia Constitution of 1945: 2–801 "Registration of electors; who disfranchised.—The General Assembly may provide, from time to time, for the registration of all electors, but the following classes of persons shall not be permitted to register, vote or hold any office, or appointment of honor, or trust in this State, to-wit: 1st. Those who shall have been convicted in any court of competent jurisdiction of treason against the State, of embezzlement of public funds, malfeasance in office, bribery or larceny, or of any crime involving moral turpitude, punishable by the laws of this State with imprisonment in the penitentiary, unless such persons shall have been pardoned. 2nd. Idiots and insane persons."

■ The initial question presented is whether a State may constitutionally disenfranchise otherwise qualified voters because they have been convicted of a felony. Although not directly ruled upon, the propriety of excluding felons from the franchise has been recognized by the Supreme Court in the cases of Davis v. Beason, 133 U.S. 333, 346–347, 10 S.Ct. 299, 33 L.Ed. 637 (1890), Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946), and Trop v. Dulles, 356 U.S. 86, 96–97, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). In a recent action, the Supreme Court affirmed a three-judge court decision which upheld the constitutionality of a disenfranchising provision broader than that in question here. Beacham v. Braterman, 300 F.Supp. 182 (S.D.Fla., 1969) Motion to affirm granted without opinion, 396 U.S. 12, 90 S.Ct. 153, 24 L.Ed.2d 11 (1969). That provision disenfranchised any "person convicted of a felony * * * until restoration of civil rights * * *" Article VI, Section 4, Florida Constitution, 1969, F.S.A. Following the decision in *Beacham, supra,* this Court finds the Georgia provision to be constitutional.

A State has an interest in preserving the integrity of her electoral process by removing from the process those persons with proven anti-social behavior whose behavior can be said to be destructive of society's aims. For this reason, a State may prohibit idiots and insane persons, as well as, those convicted of certain offenses from participating in her elections. A State may also legitimately be concerned that persons convicted of certain types of crimes may have a greater tendency to commit election offenses. Therefore, Georgia has a compelling state interest sufficient to justify the voting restrictions set forth in § 2–801 of the Georgia Constitution. Since the State does have this legitimate interest to protect, this provision does not unjustifiably abridge the plaintiff's First Amendment rights.

The plaintiff cites the case of Stephens v. Yeomans, 327 F.Supp. 1182 (D.C., N.J., 3-judge court 1970) in support of her attack on this Georgia law. In

that case, a three-judge court struck down the New Jersey disenfranchising scheme. That case, however, is clearly distinguishable from the one at bar, because in striking down the statute, the New Jersey Court stressed the haphazard development of the law which had produced "remarkable contrasts in treatment," disenfranchising felons without regard to the seriousness of their crime. No such haphazard scheme exists in the instant case.

In determining if there has been a violation of the plaintiff's Fourteenth Amendment rights, the exclusionary language of Section 2 of the Fourteenth Amendment must be considered. This Court concurs in the opinion expressed on this matter by Judge Friendly in Green v. Board of Elections of New York, 380 F.2d 445 (2nd Cir. 1967). In that case, it was suggested that the Section 2 language may be dispositive of the question of whether the states can pass disenfranchisement laws. This is so because although Section 2 provides a penalty for denying qualified persons the right to vote, at the same time, it specifically excepts from its coverage state action limiting the right to vote "for participation in rebellion or other crime."

This Court rejects the plaintiff's argument that disenfranchisement is cruel and unusual punishment in violation of the Eighth Amendment. Although the disenfranchisement law serves to abridge the plaintiff's right to vote, the Supreme Court has held that disenfranchisement is a non-penal exercise of a State's power to regulate the vote and is not cruel and unusual punishment. Trop v. Dulles, *supra*.

This Court rejects plaintiff's contention that § 2–801 of the Georgia Code is unconstitutional on its face and as applied to the plaintiff and the class she represents. Therefore, it is the decision of this Court that § 2–801 of the Georgia Code should be upheld. The prayers of the plaintiff are denied and judgment is hereby granted in favor of the defendants.