[No. 32640. Department Two. October 7, 1954.]

ROBERT C. JOSLIN, *Respondent*, v. MARGARET C. JOSLIN, *Appellant*.[1]

[1]Reported in 274 P. (2d) 847.

*Keith, Winston & Repsold, Fielding H. Ficklen,* and *Charles J. Scott,* for appellant.

*Horton Herman, Sid A. Schulein,* and *Paine, Lowe, Coffin, Ennis & Herman,* for respondent.

SCHWELLENBACH, J.—September 26, 1951, after a contested hearing, Robert C. Joslin, as plaintiff, obtained a decree of divorce from Margaret C. Joslin, his wife. (Throughout this opinion we shall designate the parties as plaintiff and defendant.) The court divided the property between the parties and ordered that ten thousand dollars from the savings account be given to the defendant. The plaintiff was awarded the custody of the children. Paragraph 3 of the decree provided:

"3. That the plaintiff, Robert C. Joslin, be and he is hereby awarded the care, custody and control of the minor children of the parties hereto, to-wit: Robert Frederick Joslin and William James Joslin, subject to the defendant's right to visit said children at the home of the plaintiff twice monthly on the first and third Mondays of each month in the evening of said days for a two hour period; said defendant shall have the right to have said children visit with her during the afternoon of one day each month at a suitable place of the defendant's choosing; that the defendant has the right to have said children visit her at a suitable place of her choosing during one week each summer and an additional week if the parties can agree on time and place;

defendant shall not call said children by phone except regarding urgent and necessary matters, and shall not lavish gifts upon the children, but may give them presents on proper and normal occasions, and neither party shall by word or act destroy or attempt to destroy any affection the children may have for the other parent."

November 20, 1952, the defendant filed a petition for modification of the decree. We quote portions of the petition:

"6. That since the rendition of said decree, defendant has been exercising the right of seeing said two minor children three times a month and for longer periods during the summer months, and said rights of visitation have been for the best interest and welfare of Robert Frederick Joslin and William James Joslin. These rights of visitation have been exercised in Spokane County, Washington, for a period of approximately one year from the rendition of said decree on September 22, 1951, and have been concurred in by both the plaintiff and defendant in said suit.

"7. That heretofore on or about August 1952, without the knowledge or consent of the defendant, the plaintiff, Robert C. Joslin, has taken the two boys, Robert Frederick Joslin, age 10 years, and William James Joslin, age 6 years, with him to Phoenix in the State of Arizona, and thereafter about September 16, 1952, the plaintiff informed the defendant by registered letter from Phoenix, Arizona, bearing a return address of 1040 East Pala Verde Drive, that he had married again and was living in Phoenix, Arizona, where he was working, and that the two boys were living with him. This was the first knowledge that defendant had that plaintiff had moved and had taken the boys outside of the State of Washington to reside, and defendant has not heard from the plaintiff or her children otherwise to the date hereof.

"8. That defendant believes and alleges that this removal of the boys from the jurisdiction of this Court was done to prevent her from exercising her right to visit with them.

"9. That defendant is working as a saleslady at J. C. Penney & Company in Spokane, Washington, and cannot exercise the rights of visitation given her under said decree with the boys removed a great distance away from her to the State of Arizona, and that the defendant is without funds to visit her children.

"10. That defendant alleges that there was no evidence introduced in the trial of said case that led to the decree

hereto attached as to any intention or purpose of the plaintiff removing the boys from the State of Washington, and that both plaintiff and defendant have complied with the said decree for a period of approximately one year in carrying out their various rights, obligations and privileges thereunder.

"11. That there has been a change of circumstances and conditions since the rendition of said decree caused solely by the conduct of the plaintiff, Robert C. Joslin, and defendant alleges that the said decree should be modified so as to prohibit the plaintiff, Robert C. Joslin, from permanently residing with the two children of the defendant outside of the State of Washington, and further requiring the plaintiff, Robert C. Joslin, to bring the two children within the jurisdiction of the Superior Court of Spokane County, Washington, so that the mutually beneficial visitation rights of defendant, the mother of the boys, with said boys may be exercised and enjoyed for the best welfare of the said two children."

Upon the filing of the petition, an order was issued directing plaintiff to show cause why the petition for modification should not be granted. He appeared and demurred on all statutory grounds; moved to quash the order to show cause; and moved to make the petition more definite and certain or, in the alternative, for a bill of particulars: "1. As to paragraph 11 of said petition by setting forth in particular the nature of the change of circumstances and conditions therein referred to."

December 29, 1952, these matters came on for hearing before Honorable Raymond F. Kelly, one of the judges sitting in Spokane county. He overruled the demurrer, denied the motion to strike, and granted the motion for a bill of particulars.

In compliance with the order, defendant furnished the following bill of particulars:

"That there has been a change of circumstances and conditions since the rendition of said decree caused solely by the conduct of the plaintiff, Robert C. Joslin, in that at the time of the rendition of the decree Robert C. Joslin was a resident of Spokane, Spokane County, Washington, residing with his mother at 228 Cliff, at which address he had with him the minor boys of these parties, Robert Frederick Jos-

lin and William James Joslin; that the minor boys of these parties were able to call by telephone and talk to their mother, the defendant, and the defendant was able to and did visit with such boys at times provided by the decree herein; that at some time in August, 1952, the defendant heard rumors that the plaintiff, Robert C. Joslin, was planning on being remarried and was taking the two minor boys of these parties with him and removing to the State of Arizona; that the defendant attempted to confirm this information but was refused any definite information with respect to the matter both by Robert C. Joslin and by his mother; that about August 5, 1952, she was advised that the boys were departing for a visit to Oregon and although she was not permitted to talk to them before they left, she was permitted to see them depart on a bus; that the defendant has not talked to her two sons since August 16, 1952, when she called them in Oregon by telephone; that sometime in August or September, the date not being known to the defendant, the plaintiff did remarry and did remove the two sons of the parties to Phoenix, Arizona, but that the defendant received no definite information concerning any of these facts nor did she hear from her two sons or know of their whereabouts until a letter dated September 12, 1952, and delivered to her on September 16, 1952, in which she was advised that the plaintiff had remarried a few weeks before and was then living in Phoenix, Arizona, where they would be indefinitely; by the letter plaintiff stated that he only had four days in which to pick up the boys and finish his business and that he was unable to contact the defendant; that by such letter also the plaintiff stated that he was living in a fine neighborhood in Phoenix and that he thought the boys would grow up there in a very fine, wholesome atmosphere and away from the stench and unpleasantness of the divorce; that the distance from Spokane to Phoenix, Arizona, is approximately fifteen hundred miles; that the defendant is unable to visit the children at the home of the plaintiff twice monthly on the first and third Mondays of each month in the evening of said days for a two-hour period, as provided by the decree of divorce, by reason of the plaintiff's having removed such a great distance from Spokane; that the other visitation rights are impossible of carrying out by reason of such distance, and that the change in circumstances and the voluntary removal by the plaintiff was made by the plaintiff for the purpose of completely defeating the visitation rights of the defendant and that such

removal has so changed circumstances as to defeat such rights of the defendant; that unless the plaintiff is required to bring the minor children of these parties within the state of Washington or other adequate provision is made by the Court for visitation, that such change in circumstances will deprive such minor children of visitation with their mother, the defendant, and will be detrimental to their best interests and welfare and will affect adversely the love and affection which they have and should maintain with respect to their mother; that the plaintiff is now residing at 1040 East Pala Verde Drive, Phoenix, Arizona, and that unless some action is taken by this Court, the plaintiff will continue as he has since August, 1952, to deprive his children and the defendant of their mutual rights of visitation."

Plaintiff answered the petition, denying paragraph 3, which alleged that the superior court retained jurisdiction over the cause and over the two minor children; admitted that petitioner had exercised certain of her visitation privileges, but denied the remaining allegations of paragraph 6; admitted that he took the boys and was living with them in Phoenix, Arizona, and that he had remarried, and denied the remaining allegations in paragraph 7; denied paragraphs 10 and 11. He also alleged:

"5. Denies that the boys were removed from the State of Washington to prevent the petitioner from visiting the boys, and alleges that the removal was done because it represented an advancement for the plaintiff and an opportunity to bring the boys up under better conditions for their welfare.

"6. Admits that the defendant is working for J. C. Penney Company, denies that she cannot visit the children and denies that she is without funds to visit the children. Admits that it is impractical because of the great distance to visit, and alleges that the defendant was granted $10,000.00 in the divorce case in this cause and that unless the same has been dissipated, she has substantial funds."

For reply, defendant denied every affirmative allegation contained in plaintiff's answer. In a cross-petition, plaintiff alleged that defendant's visitation rights should be eliminated for the reason that the circumstances of the parties had changed in that the plaintiff had changed his residence,

where he "is living with his second wife in a nice home near fine schools in a fine moral and wholesome atmosphere all for the best interests of the minor children." There was also an allegation that defendant indulged the children, spoiled them, and neglected them. These allegations were denied by defendant.

March 11, 1953, plaintiff moved for judgment on the pleadings. This motion came on for hearing May 2, 1953, before Honorable Ralph P. Edgerton, one of the judges sitting in Spokane county, and who had presided over the original divorce hearing. Judge Edgerton granted the motion, his order reciting that plaintiff had waived his cross-petition. Judgment of dismissal was then entered, and this appeal follows.

A motion for judgment on the pleadings tests the sufficiency of the pleadings and presents to the court a question of law as to whether the facts alleged in the complaint constitute a cause of action, or whether the facts alleged in the answer constitute a defense. The motion raises such questions as are raised on a general demurrer and must be determined upon the same principles. 1 Bancroft's Code Pleading 917, Motions on Pleadings, § 630. The party moving for judgment on the pleadings admits, for the purpose of the motion, the truth of every fact well pleaded, and the untruth of his own allegations which have been denied. *Trumble v. Wasmer*, 43 Wn. (2d) 592, 262 P. (2d) 538. A defendant, after he has answered, may move for judgment on the pleadings where the complaint fails to state a cause of action, or where the plaintiff fails to reply to new matter constituting a defense or formally admits a defense pleaded in the answer. 1 Bancroft's Code Pleading 920, Motions on Pleadings, § 632.

With the above rules in mind, let us consider the pleadings in the instant case. The petition alleged the entry of the divorce decree which awarded the custody of the minor children to the father, subject to the mother's visitation rights, both at the father's home in Spokane and at a suitable place of the mother's choosing; the exercise of such

right by the mother for a period of approximately one year; and the removal of the children by the father to Phoenix, Arizona. This was all admitted by the father. The mother alleged that the removal of the boys from the jurisdiction was to prevent her from exercising her right of visitation. This was denied by the father, thus raising a question of fact. She also alleged that she could not exercise her rights of visitation with the boys removed a great distance from her to the state of Arizona, and that she was without funds to visit the children. This was also denied by the father.

In divorce actions, courts are not particularly interested in custody or visitation rights of the parents, but are primarily interested in the welfare of the children. The custody of children is awarded to one of the parents and visitation rights either granted or denied to the other parent for the reason that the trial court, in the exercise of its discretion, feels that such a disposition will serve the best interests of the children involved. We will not overrule a decision of the trial court on such matters made at a divorce hearing or at a hearing on a petition to modify a decree, unless we are convinced, from the record, that the action of the trial court constituted a clear abuse of discretion.

Our court has never before been called upon to decide whether an allegation of removal of a child from the jurisdiction by a parent to whom custody has been awarded with the right of visitation in the other parent, thus resulting in the deprivation of the right of visitation, is a sufficient allegation of change of circumstances to require a hearing on a petition to modify the divorce decree. We did, however, indicate our views on this question in *Underwood v. Underwood*, 162 Wash. 204, 298 Pac. 318, wherein we said:

"Appellant contends that the trial court erred in giving respondent the privilege to have and visit the child each alternate Saturday and Sunday evening. It is urged that this provision will unnecessarily restrict and limit her, should she elect in the future to change her place of residence. It is sufficient to say that appellant did not raise this issue in the lower court, and, since the case is here on review, we are limited by the record as now before us. Apparently the visitation privileges were fixed by the court on

the theory that appellant would continue to reside in Yakima, where the parties had resided continuously through their married life. If, at any future period, appellant deems it necessary or desirable to change her domicile, she may apply to the trial court to modify the decree, as the court not only has inherent jurisdiction to modify its decree as the welfare of the child may require, but the trial court in this instance expressly retained jurisdiction of the cause."

In *Bedolfe v. Bedolfe*, 71 Wash. 60, 127 Pac. 594, the decree divided the custody of the minor children, one to the father and one to the mother, with rights of visitation to each parent. Both parties lived in Tacoma. Some time later, the father removed the child awarded to him to the home of his parents in North Fork, Oregon. In affirming the trial court's denial of an application for modification of the decree, we said:

"It [the evidence] further shows that the child is being well cared for, and that her welfare does not demand that she be returned to the jurisdiction of the trial court. The appellant visited the child some time in February. The respondent's father at that time disclosed a marked hostility to her. From this fact it is argued that the spirit of the decree permitting her to visit her daughter would be defeated if the child is not taken from her paternal grandparents. The privilege of visitation of the parent is an important one, but it is not an absolute right, nor is it the paramount consideration; it must yield to the good of the child, which is in the last analysis the controlling consideration. The respondent has no relatives in the city of Tacoma, and we think the learned trial court rightly concluded that the child's welfare would not be promoted by returning her to her maternal grandmother. We deem it proper, however, to say that the decree gives the appellant the right to visit the child, and that this right cannot be denied her by placing the child where appellant will be met by insulting epithets when in the exercise thereof. It is not necessary to repeat the shocking language which the respondent's father applied to the appellant. If he or any member of his household in the future treats her with such incivility, when she is visiting her daughter, as to deter her from continuing her visits, she may again apply to the court of first instance for a modification of the decree, or for a rule on the respondent to show cause why he should not be punished as for a contempt."

In *Searle v. Searle*, 115 Colo. 266, 172 P. (2d) 837, an action concerning the modification of an award of custody, the court listed the changes in circumstances which justified the modification. One of them was: "When the initial order was entered, both parties lived in Craig, in which situation opportunity for the frequent association of the child with both of his parents continuously attended. Such situation obviously has been disrupted by intervening events." One of the intervening events was the removal of the child from Craig to Denver.

We have studiously refrained from discussing the merits of the instant case. That is a matter to be decided by the trial court in the exercise of its discretion after a full and complete hearing. However, the welfare of innocent children, victims of a broken marriage, is too important and too sacred to be disposed of by a judgment on the pleadings, unless it clearly appears from the face of the record that the petitioner has no right to a modification of the divorce decree. Here the application alleges facts showing at least an interference with, and perhaps a deprivation of, the right of visitation granted in the original decree. Those alleged facts show a change of condition entitling appellant to a hearing on her application for modification.

The judgment of dismissal is reversed, and the cause remanded with direction to deny the motion for judgment on the pleadings and to hear and determine appellant's application for modification.

GRADY, C. J., HILL, DONWORTH, and WEAVER, JJ., concur.