[No. 44918.  En Banc.  April 20, 1978.]

JOSEPH CORRIGAL, ET AL, *Appellants*, v. BALL AND
DODD FUNERAL HOME, INC., *Respondent*.

*Steven C. Miller* and *Clinton J. Henderson*, for appel-
lants.

*Lukins, Annis, Bastine, McKay & Van Marter, P.S.*, by
*Robert G. Beaumier*, for respondent.

STAFFORD, J.—Appellant Mary Jane Corrigal appeals the trial court's dismissal of her complaint for failure to state a claim upon which relief can be granted. We reverse and remand for trial.

Appellant's son, David Brannan, drowned in the Spokane River. Prior to recovery of his body, appellant contacted respondent Ball and Dodd Funeral Home concerning cremation of the body. Respondent informed appellant that a suitable container would be needed for interment of the remains after cremation and provided appellant with a catalog from which to select a burial urn. Appellant selected an urn and paid respondent for it and the cost of cremation.

David Brannan's body was subsequently recovered and sent to respondent for cremation. Later, when appellant claimed her son's remains, she was given a sealed cardboard box. Appellant took the box home where she opened it fully expecting to find the burial urn within which the ashes should have been placed. Upon opening the box appellant discovered a plastic sack. Believing the sack to contain packing material protecting the burial urn, appellant placed her hands into the material to locate the urn. When she found no urn, appellant suddenly realized that what she had mistakenly believed to be packing material was in fact the cremated bones and residue of her son's body.

Appellant filed this action against respondent alleging outrage, negligence and breach of contract. While denying most of appellant's allegations, respondent admitted agreeing to perform funeral services, including cremation of the body and delivery of the son's ashes to appellant. Respondent also admitted returning the decedent's ashes in a plastic bag encased within a sealed cardboard box. Thereafter, respondent moved for a "summary judgment" dismissing appellant's complaint. Although the motion was denominated "summary judgment", respondent's supporting memorandum makes it abundantly clear that respondent actually sought "to test the plaintiff's allegations within the meaning of CR 12(b)(6)."

During argument on the motion, respondent's counsel appears to have conceded his client's failure to provide the burial urn. Following argument, the trial court entered a written memorandum decision which granted respondent's motion to dismiss the complaint after treating it essentially as a CR 12(b)(6) motion on the pleadings. Later, the court entered judgment dismissing the complaint after noting respondent had tendered the $64 already paid by appellant for the missing urn. Appellant appealed the judgment to the Court of Appeals which certified the matter to this court.

Initially respondent moves to dismiss the appeal as untimely. Although appellant's notice of appeal was filed more than 30 days after entry of the memorandum decision, our rules require only that the notice be filed within 30 days of the *entry of judgment. See* RAP 2.1(a)(2); 5.2(a), (c); CR 58. Appellant's notice of appeal was filed within 14 days of the entry of judgment. Thus, the appeal is timely and respondent's motion is denied.

The only substantive issue before us is whether the trial court erred in dismissing the complaint for failure to state a claim under CR 12(b)(6).[1] We have repeatedly said that a motion made pursuant to CR 12(b)(6) must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief. *Halverson v. Dahl,* 89 Wn.2d 673, 674, 574 P.2d 1190 (1978); *Berge v. Gorton,* 88 Wn.2d 756, 759, 567 P.2d 187 (1977). Factual allegations of the complaint must be accepted as true for purposes of the CR 12(b)(6) motion. *Berge v. Gorton, supra* at 759; *Stanard v. Bolin,* 88 Wn.2d 614, 615, 565 P.2d 94

---

[1]Although the relief sought was originally called a "summary judgment" (which would be under CR 56), the court properly treated the motion as one made pursuant to CR 12(b)(6). Although the judgment was erroneously denominated a "summary judgment", the memorandum decision makes it clear the dismissal was pursuant to CR 12(b)(6) insofar as genuine issues of material fact were present. Thus, we review the action as a judgment of dismissal under CR 12(b)(6). *See* 6 J. Moore, Federal Practice ¶ 56.02[3], at 56–33 (2d ed. 1976).

(1977); *see also Contreras v. Crown Zellerbach Corp.*, 88 Wn.2d 735, 742, 565 P.2d 1173 (1977).

■ Appellant has stated a cause of action for negligent infliction of mental distress under *Hunsley v. Giard,* 87 Wn.2d 424, 553 P.2d 1096 (1976). In *Hunsley* we said that a plaintiff who undergoes mental suffering has a cause of action; that is, the defendant has a duty to avoid the negligent infliction of such distress. Physical impact or threat of an immediate invasion of the plaintiff's personal security is no longer required to be alleged or proven. *Hunsley v. Giard, supra* at 435. Rather, the confines of a defendant's liability are now measured by the strictures imposed by negligence theory, *i.e.,* foreseeable risk, threatened danger, and unreasonable conduct measured in light of the danger. *Hunsley v. Giard, supra* at 435. Mental suffering, to be compensable, however, must at least be manifested by objective symptoms. *Hunsley v. Giard, supra* at 436.

Here appellant alleged respondent agreed to cremate the body of her son, place his remains in an urn, and deliver the urn to her. She also alleged respondent failed to provide the urn and failed to disclose the absence of the urn when appellant claimed her son's remains. These derelictions are alleged to have caused appellant to handsift through what appellant thought was "packing material", resulting in her mental suffering when she discovered that the material was in fact the cremated remains of her son. She also alleged the following objective physical manifestations which accompanied her mental suffering: loss of weight, loss of sleep, and general deterioration of her physical well being.

Based upon the foregoing, we cannot say beyond doubt appellant will be unable to prove any set of facts which would entitle her to relief for defendant's alleged negligent infliction of mental distress. Having concluded appellant's complaint states a cause of action for negligent infliction of mental distress, the trial court's judgment of dismissal

under CR 12(b)(6) must be reversed and the action remanded for trial. It is so ordered.

WRIGHT, C.J., and ROSELLINI, HAMILTON, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.