[No. 2782–2.   Division Two.   May 16, 1978.]

ROBERT HALLIBURTON, *Appellant,* v. CLAY HUNTINGTON,
ET AL, *Respondents.*

*Jack E. Tanner,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Roger J. Miener, Deputy,* for respondents.

PETRIE, J.—Robert Halliburton, a former employee in the Pierce County Auditor's Office, appeals from an order dismissing his petition for a writ of mandamus seeking reinstatement. We affirm the dismissal. Because of the posture of the appeal, a recital of the procedures followed in superior court seems in order.

On January 13, 1977, Mr. Halliburton sought a writ in the Superior Court for Pierce County mandating the County Auditor and County Commissioners to reinstate him to his former position of County Supervisor of Elections, a position he had held since 1971. Supporting the petition is Mr. Halliburton's affidavit averring that he was dismissed from that position, effective January 3, by the County Auditor, Richard A. Greco, who informed him that the reason for the dismissal was "differences in philosophy of how the election department should be run." Mr. Halliburton's affidavit also states in general terms that his dismissal was contrary to law and violated his constitutional rights guaranteed by article 1, sections 3 and 4 of the Washington State Constitution, the first and fourteenth amendments to the United States Constitution, and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. He acknowledges, however, that Pierce County does not have a personnel policy or grievance procedure applicable to his case.

Following issuance of an alternative writ to reinstate or show cause why defendants had not done so, the auditor answered, admitting that he dismissed Mr. Halliburton

effective January 3, denying that the dismissal violated Mr. Halliburton's statutory or constitutional rights, and asserting that authority for the dismissal is expressly granted by RCW 36.16.070. In addition, the auditor filed an affidavit averring that he appointed Mr. Halliburton to the position of Supervisor of Elections in 1971, that his dismissal of Mr. Halliburton "was in no way related to nor based upon concepts of partisan political patronage", and that the position of Supervisor of Elections has now been abolished. Thereupon, the auditor moved to dismiss the alternative writ.

After oral argument on the auditor's motion, the court entered an order on February 7 denying Mr. Halliburton's petition for a writ of mandate and dismissing this action. He filed a timely appeal to this court.

Mr. Halliburton presents three assignments of error. He contends the trial court erred (1) by failing to conduct a hearing as to the cause of the dismissal; (2) by dismissing the alternative writ of mandamus in violation of his constitutional rights guaranteed by article 1, section 3 of the Washington State Constitution, and the first and fourteenth amendments to the United States Constitution;[1] and (3) by erroneously construing RCW 36.16.070, an allegedly unconstitutionally vague statute.

By entertaining the auditor's motion to dismiss, the trial court was proceeding under either CR 12(b)(6) or CR 12(c). In either case, the court appears to have based its ruling not only on the express pleadings, but also upon Mr. Halliburton's and Mr. Greco's affidavits. In effect, that transforms the motion into a motion for summary judgment. In such a situation, however, an appellate court's review of the issues does not necessarily proceed entirely within the framework provided for review of summary

---

[1] Article 1, section 3 of the Washington State Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law." Because of the limited issues presented on appeal, we assume that Mr. Halliburton has abandoned any contentions that his dismissal violated rights guaranteed to him by article 1, section 4 of the Washington State Constitution or by 42 U.S.C. § 1983 *et seq.*

94

judgment rulings. *See Ortblad v. State,* 85 Wn.2d 109, 530 P.2d 635 (1975); *Brown v. MacPherson's, Inc.,* 86 Wn.2d 293, 545 P.2d 13 (1975). Findings of fact entered by the court are, nevertheless, deemed superfluous. *Sinclair v. Betlach,* 1 Wn. App. 1033, 467 P.2d 344 (1970). Procedurally, a hearing is not necessarily required if the court can resolve the issue through a summary proceeding. The real issue is whether or not there is any hypothetical situation discernible from the record or described informally by counsel in argument, which the complaining party contends actually exists, that would require *denial* of the motion. *Brown v. MacPherson's, Inc., supra.* We proceed to examine those situations.

Mr. Halliburton relies primarily upon the relatively recent case of *Elrod v. Burns,* 427 U.S. 347, 49 L. Ed. 2d 547, 96 S. Ct. 2673 (1976). The single substantive question involved in *Elrod* was whether a nonpolicymaking, nonconfidential government employee can be discharged or threatened with discharge from a job that he is satisfactorily performing upon *the sole ground of his political beliefs.* A majority of the court held that such a discharge violates the employee's constitutional rights guaranteed by the first amendment to the United States Constitution.

In the case at bench, Mr. Halliburton does not expressly contend that he was discharged because of his partisan political beliefs.[2] Indeed, the record is clear that he was appointed to the position of Supervisor of Elections in 1971 by the same person who terminated his employment in 1977. Rather, in his brief, Mr. Halliburton asserts that there is no distinction between a patronage dismissal and a termination at the pleasure of the auditor because "the end result is the same."

■ That presentation asks us to expand upon the rather narrow holding of the court in *Elrod.* We decline to do so. It is not the "end result" which determines the validity or

---

[2]For purposes of this opinion we have assumed that Mr. Halliburton was a nonpolicymaking, nonconfidential employee of Pierce County.

invalidity of the governmental action. Rather, the issue is whether or not the government denied a benefit to a person on a basis that infringed upon his constitutionally protected interests—especially, his interest in free speech. *Perry v. Sindermann,* 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972).

■ It is not clear to us whether Mr. Halliburton contends he has a constitutionally protected "property" interest in his public employment which would require Pierce County to grant him a pretermination hearing. Nevertheless, that contention would be untenable. In this jurisdiction, even an employee protected by the state civil service laws lacks a property right in public employment sufficient to be protected by a due process guaranty of a hearing prior to termination. *Ticeson v. Department of Social & Health Servs.,* 19 Wn. App. 489, 576 P.2d 78 (1978). *See also Association of Capitol Powerhouse Eng'rs v. State,* 89 Wn.2d 177, 570 P.2d 1042 (1977). Failure to grant a public employee a pretermination hearing does not violate the Fourteenth Amendment guaranty of due process unless state law grants him a property interest in that employment. *Bishop v. Wood,* 426 U.S. 341, 48 L. Ed. 2d 684, 96 S. Ct. 2074 (1976). Further, there is certainly nothing in this record to indicate that Mr. Halliburton contends Pierce County has deprived him of his liberty without due process.

Mr. Halliburton does assert, however, that his dismissal violated his First Amendment rights. In support of that contention, he cites *Perry v. Sindermann, supra,* and *Keyishian v. Board of Regents,* 385 U.S. 589, 17 L. Ed. 2d 629, 87 S. Ct. 675 (1967).

In *Perry,* a state college professor's contract of employment terminated and he was not offered a new contract; neither was he offered an official statement of the reason for the nonrenewal of his contract, nor did the college allow him an opportunity to challenge the basis of the nonrenewal at a hearing. He alleged in part that his nonretention was caused by his testimony before legislative committees and his other public statements, all of which were critical of

the policies of the college's governing board. The board denied these allegations.

The trial court granted the college board's motion for summary judgment. The appellate courts held that these allegations presented a bona fide constitutional claim as to whether the professor's dismissal was premised upon a violation of his First and Fourteenth Amendment rights of free speech, and remanded the cause with direction to explore fully that contested issue of fact.

Nevertheless, *Perry* did not grant the professor any right to a pretermination hearing. Rather, the court merely reversed the trial court's grant of summary judgment and directed the court to fully explore the allegations. Similar rights had previously been recognized in *Keyishian v. Board of Regents, supra,* and *Pickering v. Board of Educ.,* 391 U.S. 563, 20 L. Ed. 2d 811, 88 S. Ct. 1731 (1968).

■ From *Perry* and *Pickering* we learn that when a former public employee asserts a bona fide constitutional claim upon facts which indicate that he was terminated or was not rehired because of his public criticism of his employer, the termination or nonrenewal of the contract *may* be constitutionally protected. *Keyishian* reminds us that the judicial concern is whether public employment, even though it may be denied altogether, has been subjected to unreasonable conditions.

The problem in any case is to arrive at a balance between the interests of the government employee, as a citizen, in commenting upon matters of public concern, and the interest of the government, as an employer, in promoting the efficiency of the public services it performs through its employees. *Pickering v. Board of Educ., supra.* A public employee's public criticism of his superiors on matters of public concern *may* be constitutionally protected and *may,* therefore, be an impermissible basis for termination of his employment. *Pickering v. Board of Educ., supra.* For that reason, when allegations present a bona fide constitutional claim, a grant of summary judgment of dismissal is

improper without full exploration of the issue. *Perry v. Sindermann, supra.*

Thus, the issue in the case at bench resolves itself into a determination of whether the bare allegations in paragraphs 5 and 7 of Mr. Halliburton's affidavit accompanying his petition for writ of mandamus present a bona fide constitutional claim sufficient to require full exploration of the issue. Those allegations are:

5.

That plaintiff was dismissed without good cause, or any cause whatsoever. That the dismissal of the plaintiff and the resulting deprivation of his employment by the defendants was arbitrary, capricious and contrary to law.

7.

That the actions complained of in paragraph V above are contrary to law, and in violation of his constitutional rights under Article I, Section 3 and Section 4 of the Washington State Constitution, and the First and Fourteenth Amendments to the United States Constitution and 42 USC 1983, 1985, 1986, and 1988.

From those bare allegations we cannot discern a factual basis for Mr. Halliburton's challenge to his dismissal. In opposition to those bare assertions is the affidavit of Richard A. Greco, the County Auditor, which acknowledges that he terminated Mr. Halliburton's employment pursuant to authority granted by RCW 36.16.070, that the termination was not "based upon concepts of partisan political patronage," and Mr. Halliburton's position has been abolished.

Pursuant to the direction of *Brown v. MacPherson's, Inc., supra,* we have searched for some references by counsel, lest we stray too far from reality, to ascertain precisely what Mr. Halliburton contends is the actual reason for his dismissal, and we can find no *factual* assertion or hypothetical recitation of *facts* which would entitle him to relief under the bare allegations in his petition. In a motion for summary judgment, when the moving party has made a prima facie factual case, the nonmoving party must make an evidentiary showing of a factual issue which is material

to the contentions before the court. *W.G. Platts, Inc. v. Platts*, 73 Wn.2d 434, 438 P.2d 867, 31 A.L.R.3d 1413 (1968); *Winterroth v. Meats, Inc.*, 10 Wn. App. 7, 516 P.2d 522 (1973).

■ Finally, we find nothing unconstitutionally vague in RCW 36.16.070. From Mr. Halliburton's viewpoint, the offending part of the statute is that a county elective official "shall be responsible for the acts of his appointees upon his official bond and *may revoke each appointment at pleasure.*" (Italics ours.) The italicized portion of the statute is nothing more than a recital of the common–law right of an employer to dismiss an employee. In the absence of a right statutorily enacted, contractually imposed, or constitutionally mandated to the contrary, a public employee has no greater right to employment than his counterpart in private employment.

Judgment affirmed.

REED, A.C.J., and SOULE, J., concur.