[No. 6927–1. Division One. September 4, 1979.]

ORCHARD GROVE WATER ASSOCIATION, ET AL, *Appellants,*
v. KING COUNTY BOUNDARY REVIEW BOARD, ET AL,
*Respondents.*

*J. Richard Aramburu,* for appellants.

*Walter E. Webster, Jr., Carl A. Jonson, P.S., Philip L. Carter,* and *Livengood, Silvernale, Carter & Tjossem,* for respondents.

FARRIS, J.—Orchard Grove Water Association, Dorre Don Community Club, Walter V. Matthaeus and Gerald P. Smith (two private water companies and their respective chief executive officers), appeal the decision of the trial court denying their appeal of the King County Boundary Review Board's decision approving a proposed extension of water services by Water District 108 beyond its current district boundaries to serve an area known as the "east service area." They contend that the water district's extension of service constituted a de facto annexation that was improper under RCW 57.08.045 and RCW 57.24 and violated constitutional provisions guaranteeing voting rights and equal protection. We affirm.

On December 3, 1976, Water District 108 filed a "notice of intention" with the King County Boundary Review Board to expand service to land outside its corporate limits consisting of 1,407 acres known as the "east service area."

The notice of intention was filed as a response to requests for service from several property owners in the east service area.

A petition to prevent extensions was filed by 121 registered voters within the proposed service area. Their petition invoked the jurisdiction of the boundary review board which issued a notice calling for a statutorily required public hearing pursuant to RCW 36.93.160(1). *See* RCW 36.93-.100. The hearings were held on March 17, March 31 and May 12, 1977. The board filed its resolution and hearing decision on June 21, 1977, approving the district's application. An appeal was timely filed (within the statutory 10 days) on June 30, 1977. Trial was held on July 25, 1978, and the court entered a memorandum opinion and judgment dismissing the appeal.

■■ This appeal questions the interpretation of the pertinent statutes. Appellants contend that the boundary review board (1) exceeded its statutory power and (2) made an error of law concerning the authority of Water District 108 to extend its service area. The major concern of appellants appears to be that the water district's act of extending services will accelerate growth in the east service area. The function of the boundary review board is to resolve competition among municipalities for unincorporated territory and not to make land use decisions. *See* RCW 36.93.010; RCW 36.93.180. In carrying out this function, once its jurisdiction is invoked, the board must approve:

> The extension of permanent water . . . service outside of its existing corporate boundaries by a . . . special purpose district.

RCW 36.93.090(4); RCW 36.93.100. The decision by the board that Water District 108 is the logical water district to serve the area in question has not been contested.

Further, RCW 57.08.045 provides that

> a water district may provide water services to property owners outside the limits of the water district.

RCW 35.91.020 provides that a

> water district . . . may contract with owners of real estate . . . within ten miles from their corporate limits . . . to serve the area in which the real estate of such owners is located, . . .

These statutes confer upon a water district the authority to extend water service to property owners outside the boundaries of the district by contract. We agree with the trial court that "the approved extension of water service does nothing more in the final analysis than make this possible, . . ." The statutes do not indicate that the legislature intended to require the lengthy administrative hearing and approval process each time an individual owner wants to hook on to the water district's lines, as plaintiffs/appellants contend. The boundary review board neither exceeded its power nor made an error of law concerning the authority of Water District 108.

■ The action taken by Water District 108 is not an annexation of new territory. RCW 57.24 provides for annexation of new territory to water districts either by election or petition. Property annexed becomes subject to district control, including the establishment of local improvement districts under RCW 57.16.060 and the levying of taxes under RCW 57.20.100. In contrast, under the proposal here, Water District 108 has no control whatsoever over the property of residents in the east service area who do not wish to contract for its services. The mere size of the area over which contractual service is approved does not make such approval a "de facto annexation." The only limitation is that the area must be within 10 miles of the district's corporate limits. RCW 35.91.020.

■■ The action of the board does not violate constitutional provisions guaranteeing equal protection and voting rights. The equal protection clause of the fourteenth amendment to the United States Constitution and article 1, section 12 of the Washington State Constitution only require like treatment for persons within a class and a reasonable ground for distinguishing between those within and

those without the class. *Phinney Bay Water Dist. v. Bremerton,* 58 Wn.2d 298, 362 P.2d 358 (1961); *State ex rel. Bacich v. Huse,* 187 Wash. 75, 59 P.2d 1101 (1936). Here those within the district were subject to the district's control while those outside the district were not. This is a reasonable ground for distinguishing between those within and those without the district in conferring the right to vote in district elections. Further, the voting rights provision, article 1, section 19 of our state constitution, is violated only when the property rights of persons are affected in more than an incidental way by a municipal corporation in which they have no right to vote. *Carstens v. PUD 1,* 8 Wn.2d 136, 111 P.2d 583, *cert. denied,* 314 U.S. 667, 86 L. Ed. 533, 62 S. Ct. 128 (1941); *Malim v. Benthien,* 114 Wash. 533, 196 P. 7 (1921). Since the board's action will not affect the property rights of plaintiffs/appellants in more than an incidental way, none of the constitutional provisions cited by them were violated by the King County Boundary Review Board's approval of Water District 108's proposal to extend service by contract to the east service area.

Affirmed.

WILLIAMS and RINGOLD, JJ., concur.