[No. 5455–1–III.   Division Three.   December 8, 1983.]

ANTHONY FERNANDEZ, *Appellant,* v. HARRY KINER, ET AL, *Respondents.*

*Anthony Fernandez,* pro se.

*Arthur R. Eggers, Prosecuting Attorney, Kenneth O. Eikenberry, Attorney General,* and *Charles R. Hostnik, Assistant,* for respondents.

Loy, J.*—Tony Fernandez is incarcerated in the Washington State Penitentiary pursuant to felony convictions in King and Thurston Counties. He brought the present action following the refusal of county and city officials to allow him to vote. Before an answer was filed, the court granted the defendants' motion for judgment on the pleadings.

Fernandez contends that the federal constitution controls the voting rights of citizens in federal, state and local elections.

Article 6, section 3 of the Washington State Constitution provides:

> All idiots, insane persons, and persons convicted of infamous crime unless restored to their civil rights are excluded from the elective franchise.

RCW 29.01.080 defines "infamous crime" as follows:

> An "infamous crime" is a crime punishable by death or imprisonment in the state penitentiary.

■ The United States Supreme Court has ruled that the right to vote in federal elections is conferred by article 1, section 2 of the United States Constitution, but the right to vote in state elections is nowhere expressly mentioned. Thus, the "right of suffrage 'is subject to the imposition of state standards which are not discriminatory and which do

---

*Judge Carl L. Loy is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

not contravene any restriction that Congress, acting pursuant to its constitutional powers, has imposed.'" *Harper v. Virginia State Bd. of Elections,* 383 U.S. 663, 665, 16 L. Ed. 2d 169, 86 S. Ct. 1079 (1966). Fernandez correctly states that the right of suffrage is guaranteed by the federal constitution. However, states can determine the qualifications of voters in state and federal elections. U.S. Const. art. 1, § 2; *Gray v. Sanders,* 372 U.S. 368, 9 L. Ed. 2d 821, 83 S. Ct. 801 (1963). Residence requirements, age, and previous criminal record are factors which a state may take into consideration in determining the qualifications of voters. *Lassiter v. Northampton Cy. Bd. of Elections,* 360 U.S. 45, 3 L. Ed. 2d 1072, 79 S. Ct. 985 (1959).

In *Richardson v. Ramirez,* 418 U.S. 24, 53, 41 L. Ed. 2d 551, 94 S. Ct. 2655, 2670 (1974), the Court stated:

> Although the Court has never given plenary consideration to the precise question of whether a State may constitutionally exclude some or all convicted felons from the franchise, we have indicated approval of such exclusions on a number of occasions. . . . *Murphy* v. *Ramsey,* 114 U. S. 15 (1885); *Davis* v. *Beason,* 133 U. S. 333 (1890). Much more recently we have strongly suggested in dicta that exclusion of convicted felons from the franchise violates no constitutional provision.

The United States Supreme Court has also summarily affirmed two district court decisions rejecting constitutional challenges to state laws disenfranchising convicted felons. *See Fincher v. Scott,* 352 F. Supp. 117 (M.D.N.C. 1972), *aff'd mem.,* 411 U.S. 961, 36 L. Ed. 2d 681, 93 S. Ct. 2151 (1973); *Beacham v. Braterman,* 300 F. Supp. 182 (S.D. Fla.), *aff'd mem.,* 396 U.S. 12, 24 L. Ed. 2d 11, 90 S. Ct. 153 (1969). Thus, the United States Supreme Court has indicated it would reject Fernandez' constitutional challenge.

Fernandez also contends the denial of suffrage is cruel and unusual punishment. The statute disenfranchising convicted felons is sustained as a nonpenal exercise of the power to regulate the franchise. The purpose of the statute is to designate a reasonable ground of eligibility for voting. *Green v. Board of Elections,* 380 F.2d 445 (2d Cir. 1967);

*see also Trop v. Dulles,* 356 U.S. 86, 2 L. Ed. 2d 630, 78 S. Ct. 590 (1958).

Forty–two states have adopted provisions similar to article 6, section 3 of the Washington State Constitution. Thus, the great number of states excluding felons from the franchise forbids the conclusion that it is "cruel and unusual" punishment. *Green v. Board of Elections, supra.*

Next, Fernandez assigns error to deciding the case by a judgment on the pleadings (CR 12(c)), and without a jury. He contends that the court's refusal to try the facts was an abuse of discretion, the motion to dismiss was premature, and he was entitled to a jury trial.

■ A CR 12(c) motion for judgment on the pleadings is made after the pleadings are closed and the movant admits the truth of every fact well pleaded by his opponent. *Hodgson v. Bicknell,* 49 Wn.2d 130, 298 P.2d 844 (1956); *Joslin v. Joslin,* 45 Wn.2d 357, 274 P.2d 847 (1954). Here, defendants moved to dismiss prior to their answer. The defendants' motion was thus one to dismiss for failure to state a claim under CR 12(b)(6). *Joslin v. Joslin, supra.*

Review of a CR 12(b)(6) motion requires the court to consider whether a hypothetical state of facts exists under which the plaintiff would be entitled to relief under the allegations. When a hypothetical set of facts is found, a CR 12(b)(6) motion must be denied. *Brown v. MacPherson's, Inc.,* 86 Wn.2d 293, 545 P.2d 13 (1975). Here, under substantive law (Const. art. 6, § 3) Fernandez is precluded from voting. Consequently, there was no reason to proceed with discovery and trial. The trial court's judgment on the pleadings may appropriately be modified to a dismissal for failure to state a claim which would be proper.

Because a CR 12(b)(6) dismissal is proper, there is no need for a jury trial. Assuming arguendo the dismissal was not proper, CR 39(b)(2) provides that a question of law is to be decided by the court. *See also* RCW 4.44.080. The constitutionality of a rule disenfranchising a convicted felon is a question of law to be decided by the court. *See also Corrigal v. Ball & Dodd Funeral Home, Inc.,* 89 Wn.2d 959,

577 P.2d 580 (1978).

Fernandez next contends that while a felony conviction is pending on appeal, there has been no final determination for the alleged offense and thus he is entitled to vote.

His contention on this issue is without merit. He has exhausted his appeals from at least one conviction for first degree murder in King County, Washington. *State v. Fernandez*, 28 Wn. App. 944, 628 P.2d 818, 640 P.2d 731 (1980), *aff'd on reconsideration*, 29 Wn. App. 278, 628 P.2d 827, *review denied*, 96 Wn.2d 1003 (1981). That conviction has been finally determined and forecloses his right to vote.

Lastly, Fernandez contends that he is denied equal protection under the federal constitution because convicted felons are entitled to become candidates for federal offices, but are ineligible to vote for such offices. Further, he is denied equal protection because he may run for federal office but is ineligible for a state office. U.S. Const. art. 1, § 2 establishes qualifications of a member of the House of Representatives:

> No person shall be a representative who shall not have attained to the age of twenty–five years, and been seven years a citizen of the United States, and who shall not, when elected, be an inhabitant of that state in which he shall be chosen.

Article 2, section 7 of our state constitution establishes the qualifications of legislators: "No person shall be eligible to the legislature who shall not be a citizen of the United States and a qualified voter in the district for which he is chosen." *See also Kitsap Cy. Republican Cent. Comm. v. Huff*, 94 Wn.2d 802, 620 P.2d 986 (1980).

Fernandez correctly states that the state and federal constitutions have different qualifications for representatives. However, there is nothing in the federal constitution which prevents states from requiring a representative to be a qualified voter. Thus, the qualifications for a representative in Washington are not unconstitutional simply because they differ from the qualifications for a United States representative.

The United States Supreme Court has consistently held the right to vote for state and federal offices is subject to imposition of state standards. *See Harper v. Virginia State Bd. of Elections, supra; Gray v. Sanders, supra;* and *Richardson v. Ramirez, supra.* Thus, the constitution guarantees to convicted felons the right to run for United States representative; however, the United States Supreme Court guarantees to states the right to establish qualifications of voters for United States representatives.

The judgment is affirmed.

MUNSON, A.C.J., and GREEN, J., concur.

Review denied by Supreme Court February 17, 1984.