[No. 6065–9–III. Division Three. December 20, 1984.]

THE CITY OF MOSES LAKE, ET AL, *Appellants,* v. GRANT COUNTY, ET AL, *Respondents.*

*James A. Whitaker, City Attorney,* for appellants Moses Lake and Royal City.

*Richard J. Shurtz, City Attorney,* for appellant Ephrata.

*Richard A. LeMargie, City Attorney,* and *LeMargie, Whitaker & Cordell,* for appellant Quincy.

*Paul A. Klasen, Jr., Prosecuting Attorney,* and *Bruce Lemon, Deputy,* for respondents.

THOMPSON, J.—This appeal involves the question of whether Grant County exceeded its authority in establishing a boundary review board.

On May 3, 1983, the Grant County Board of Commissioners enacted a resolution, pursuant to RCW 36.93.030-(2)(a),[1] creating a review board. On May 26, 1983, cities Moses Lake and Ephrata, and the Town of Quincy com-

---

[1]RCW 36.93.030(2)(a) was added by the Legislature in 1969 and provides:

"(2) A boundary review board may be created and established in any other class county in the following manner:

"(a) The board of county commissioners may, by majority vote, adopt a resolution establishing a boundary review board . . ."

menced an action for declaratory and injunctive relief, and for a writ of prohibition to restrain Grant County, claiming the commissioners exceeded their authority in creating a review board by failing to establish the conditions enumerated in RCW 36.93.010 existed in Grant County. The court temporarily restrained Grant County from creating, appointing, or funding a review board.

Thereafter, Grant County moved for an order to remove the temporary restraining order and for judgment on the pleadings. On July 5, 1983, the court granted the motion, dismissing the action with prejudice and quashing the temporary restraining order. The Town of Royal City has joined in the cities' appeal from that order. We find no error and affirm the trial court's order.

The cities appeal from a CR 12(c) motion for judgment on the pleadings dismissing their complaint; thus, we must examine the pleadings and determine whether the cities can prove any set of facts, consistent with the complaint, which would entitle them to relief. *Gould v. Mutual Life Ins. Co.,* 37 Wn. App. 756, 759, 683 P.2d 207 (1984). Factual allegations of the complaint are to be accepted as true for purposes of this appeal, *Berge v. Gorton,* 88 Wn.2d 756, 759, 567 P.2d 187 (1977); *Corrigal v. Ball & Dodd Funeral Home, Inc.,* 89 Wn.2d 959, 577 P.2d 580 (1978); *Gould v. Mutual Life Ins. Co., supra,* since the purpose of a judgment on the pleadings is to determine whether a genuine issue of fact exists, not to determine issues of fact. *State ex rel. Zempel v. Twitchell,* 59 Wn.2d 419, 425, 367 P.2d 985 (1962).

The cities contend the trial court converted the CR 12(c) motion to a CR 56 summary judgment proceeding by assuming facts outside the pleadings favorable to Grant County, while precluding the cities from presenting additional evidence favorable to their claim. The cities are correct that a CR 12(c) motion is converted to a CR 56 summary judgment "if matters outside the pleadings are presented to and not excluded by the court." *Stack v. Chicago, M., St. P. & Pac. R.R.,* 94 Wn.2d 155, 157, 615 P.2d

457 (1980). Where the motion is "treated as one for summary judgment and disposed of as provided in rule 56, . . . all parties shall be given reasonable opportunity to present all [pertinent] material . . ." CR 12(c).

However, in cases such as the one before us, "an appellate court's review of the issues does not necessarily proceed entirely within the framework provided for review of summary judgment rulings." *Halliburton v. Huntington*, 20 Wn. App. 91, 93–94, 579 P.2d 379 (1978); *see also Ortblad v. State*, 85 Wn.2d 109, 530 P.2d 635 (1975); *Loger v. Washington Timber Prods., Inc.*, 8 Wn. App. 921, 509 P.2d 1009, *review denied*, 82 Wn.2d 1011 (1973). Assuming arguendo the trial court considered material beyond the pleadings, if the basic operative facts are undisputed and the core issue is one of law,

> [n]o purpose would exist for treating the motion for judgment on the pleadings as one for summary judgment and granting an opportunity to present factual evidence pertinent under CR 56 if whatever might be proven would be immaterial. . . . [W]hen the content of the interrogatories, depositions and admissions would make no difference to the disposition of the motion, whether considered by the trial court or not, then there is no need to convert the motion . . . into a motion for summary judgment . . .

*Ortblad v. State, supra* at 111 (quoting *Loger v. Washington Timber Prods., Inc., supra* at 924). The issues on appeal pertain to statutory construction, and, as such, are questions of law. RCW 4.44.080; *State ex rel. Humiston v. Meyers*, 61 Wn.2d 772, 777, 380 P.2d 735 (1963). Therefore, the sole issue before us is whether there is "any hypothetical situation discernible from the record or described informally by counsel in argument, which the complaining party contends actually exists, that would require *denial* of the motion." *Halliburton v. Huntington, supra* at 94.

RCW 36.93.010 provides:

> Purpose. The legislature finds that in metropolitan areas of this state, experiencing heavy population growth, increased problems arise from rapid proliferation of

municipalities and haphazard extension of and competition to extend municipal boundaries. These problems affect adversely the quality and quantity and cost of municipal services furnished, the financial integrity of certain municipalities, the consistency of local regulations, and many other incidents of local government. Further, the competition among municipalities for unincorporated territory and the disorganizing effect thereof on land use, the preservation of property values and the desired objective of a consistent comprehensive land use plan for populated areas, makes it appropriate that the legislature provide a method of guiding and controlling the creation and growth of municipalities in metropolitan areas so that such problems may be avoided and that residents and businesses in those areas may rely on the logical growth of local government affecting them.

The cities contend this language mandates that "inter–city conflict" exist before a review board can be created pursuant to RCW 36.93.030(2)(a). The cities assert they were prepared to establish that "inter–city conflict" does not exist in Grant County, but the trial court prevented such a showing while making a contrary finding based on assumed facts not in the pleadings. Grant County, on the other hand, argues the cities are not entitled to relief even if they can prove all their factual allegations. We agree with Grant County, and hold that "inter–city conflict" within a county is not a prerequisite for the creation of a review board.

■■ Washington courts have variously stated the purpose for creating review boards to be: "to 'provide a method of guiding and controlling the creation and growth of municipalities . . .'", *Forsgreen v. Spokane,* 28 Wn. App. 919, 920, 627 P.2d 118, *review denied,* 95 Wn.2d 1029 (1981); to review local government actions regarding boundaries, *Nisqually Delta Ass'n v. DuPont,* 95 Wn.2d 563, 565, 627 P.2d 956 (1981); and to resolve competition among municipalities for unincorporated territory, *Richland v. Franklin Cy. Boundary Review Bd.,* 100 Wn.2d 864, 869, 676 P.2d 425 (1984); *see also Orchard Grove Water Ass'n v. King Cy. Boundary Review Bd.,* 24 Wn. App. 116, 600 P.2d 616 (1979). In answer to a similar argument that a

boundary review board acted beyond the scope of RCW 36.93.010, we recently stated:

One problem the Legislature sought to address in RCW 36.93 is haphazard extension of municipal boundaries. RCW 36.93.010. RCW 36.93.030 was amended by Laws of 1969, 1st Ex. Sess., ch. 111, § 1, p. 824 to permit any county, of whatever size, to establish a boundary review board. Review boards are empowered to review changes in boundaries, without mention of competition between municipalities.

*Wenatchee v. Boundary Review Bd.*, 39 Wn. App. 249, 254–55, 693 P.2d 135 (1984).

It has also been held that where the Legislature prefaces an enactment with a statement of purpose, that declaration, while serving as a guide in comprehending the intended effect of operative sections, nevertheless, is without operative force. *Hartman v. State Game Comm'n,* 85 Wn.2d 176, 179, 532 P.2d 614 (1975); *Whatcom Cy. v. Langlie,* 40 Wn.2d 855, 863, 246 P.2d 836 (1952). We find the same to be true of RCW 36.93.010, and hold that it merely provides guidance in the creation of review boards.

Finally, the cities contend the trial court failed to address an issue raised in their complaint: whether Grant County failed to comply with RCW 36.40, emergency funding, by failing to hold concurrent public hearings on the funding of the review board. Thus, the cities claim the allegation must be treated as one which was not overcome by Grant County with the result that the CR 12(c) motion should have been denied. Grant County, on the other hand, argues the allegation is an incorrect statement of the law since these statutes do not deal with the creation of the review board, but only with its funding and expenditures after creation. Neither party cites authority to support its construction of the statutes in question; nor does it appear that such authority exists.

■ The funding provision in RCW 36.93.080 provides:

Expenditures by the board shall be subject to the provisions of chapter 36.40 RCW and other statutes relating to expenditures by counties. The planning and commu-

nity affairs agency, or to whatever entity the local government functions of this agency shall be transferred, shall on a quarterly basis remit to each county one–half of the actual costs incurred by the county for the operation of the boundary review board within individual counties as provided for in this chapter. However, in the event no funds are appropriated to the said agency for this purpose, this shall not in any way affect the operation of the boundary review board.

We find no language, as the cities claim, which requires compliance with provisions of RCW 36.40 before a review board may be created. Rather, the statute talks in terms of compliance once the review board has come into existence and is making expenditures. Moreover, the failure of the trial court to address this allegation does not require a denial of Grant County's motion for judgment on the pleadings. The cities cite two cases to support their position: *Hodgson v. Bicknell,* 49 Wn.2d 130, 298 P.2d 844 (1956) and *Pearson v. Vandermay,* 67 Wn.2d 222, 407 P.2d 143 (1965). Both cases quote the following language from 71 C.J.S. *Pleading* § 426, at 868–69 (1951):

> A motion for judgment on the pleadings admits only facts well pleaded and not mere conclusions, or the pleader's interpretation of statutes involved, or his construction of the subject matter.

(Footnotes omitted.) The question of whether a pleading states a claim on which relief can be granted is "basically a legal one, and the facts are considered only as a conceptual background for the legal determination". *Contreras v. Crown Zellerbach Corp.,* 88 Wn.2d 735, 742, 565 P.2d 1173 (1977).

The cities' allegation raises a legal, not a factual, question. Whether Grant County followed the funding statutes is irrelevant if the funding statutes apply only after a review board is created. This is a legal question for the courts. *State ex rel. Humiston v. Meyers, supra; see also Fernandez v. Kiner,* 36 Wn. App. 210, 673 P.2d 191 (1983), *review denied,* 101 Wn.2d 1003 (1984) (judgment on the pleading was appropriately modified to a dismissal for fail-

ure to state a claim where the petitioner alleged only questions of law which were properly for the court to decide). Furthermore, alleged infirmities in statutes should be rectified by the Legislature rather than the courts. *State ex rel. Hagan v. Chinook Hotel, Inc.,* 65 Wn.2d 573, 580, 399 P.2d 8 (1965).

The judgment of the trial court is affirmed.

MUNSON, C.J., and MCINTURFF, J., concur.