IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| AMERICAN PACIFIC MORTGAGE, | ) | |
| | ) | No. 39619-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GERRIT A. DEVOS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Gerrit DeVos and DeVos Builders, LLC (collectively DeVos) filed a claim of lien against a property owned by American Pacific Mortgage (American Pacific). In response, American Pacific filed a petition to challenge what it alleged were frivolous lien claims. Following a hearing on the petition, the court issued an order denying American Pacific's petition and denying an award of attorney fees to either party. On DeVos's motion, the court reconsidered its decision and, by letter decision, found the lien claims were clearly excessive and entered an award of attorney fees against DeVos.

No. 39619-3-III
*Am. Pac. Mor'g v. DeVos*

DeVos appeals the court's letter decision. In addition to responding to the merits of DeVos's appeal, American Pacific and Emelda Miranda[1] move this court for dismissal of the appeal. Because DeVos is attempting to appeal a nonreviewable letter decision, we grant American Pacific and Ms. Miranda's motion and dismiss the appeal.

BACKGROUND

American Pacific is a mortgage lender who obtained the title to real property located at 138308 West North River Road, Prosser, Washington (Property) from Ms. Miranda via a deed in lieu of foreclosure. After American Pacific took title to the Property, DeVos filed a claim of lien against the Property for alleged unpaid construction charges. American Pacific responded by filing a "Petition to Challenge Frivolous Claim of Lien" pursuant to RCW 60.04.081. Clerk's Papers (CP) at 1-2. DeVos answered by generally denying the allegations made in the petition and asserting several affirmative defenses. DeVos also pleaded third-party claims against American Pacific, Ms. Miranda, and Indeed Investments, LLC.

Thereafter, American Pacific filed an "Amended Petition to Establish Frivolous Claim of Lien" and an "Amended Motion for Order to Show Cause." CP 190-92, 230-32. Ms. Miranda also filed a "Motion to Show Cause" and joined American Pacific's previously filed motion to quash the lien. CP 235-86.

---

[1] In answering American Pacific's petition, DeVos also filed a third-party complaint against Ms. Miranda, Indeed Investments, LLC, and American Pacific.

A show cause hearing was held on January 20, 2023.  Following the hearing, the court denied American Pacific's and Ms. Miranda's petitions, ruling DeVos's lien was "not frivolous, made without reasonable cause, or clearly excessive."  CP at 573.  The court declined to award attorney fees to either party.

DeVos then filed a motion, requesting the court reconsider the denial of an award of attorney fees to him.  In response, Ms. Miranda requested that the court deny DeVos's motion and clarify that it "did not conclude the liens were filed with reasonable cause or were not clearly excessive."  CP at 581-82.  Ms. Miranda argued that at the hearing, the court did not "find the liens were frivolous but made no comment on any finding about reasonable cause" and "declined to find that the liens were either excessive or not excessive."  CP at 581.

On March 1, 2023, the court issued a 29-page letter decision on DeVos's motion for reconsideration.  In the letter decision, the court maintained its ruling that the liens were not frivolous, but did determine the liens were clearly excessive.  The court denied DeVos's motion to reconsider an award of attorney fees in his favor.  However, as a result of the court's findings that the liens were clearly excessive, American Pacific and Ms. Miranda were awarded attorney fees against DeVos.

DeVos filed a timely notice of appeal, seeking review of the court's "Order on Reconsideration entered by the Honorable Joseph M. Burrowes on March 1, 2023."  CP at 613.  DeVos attached the court's March 1, 2023, letter decision to his notice of appeal.

3

No. 39619-3-III
*Am. Pac. Mor'g v. DeVos*

ANALYSIS

American Pacific and Ms. Miranda move for dismissal of this appeal due to various procedural infirmities.  DeVos contends the court's letter decision is a final order and is appealable as a matter of right, discretionary review is proper, or, alternatively, we should waive the rules pursuant to RAP 1.2(c) and decide the appeal even if it is not properly before us.  Because it is well settled that a letter or memorandum decision is not appealable, we grant American Pacific and Ms. Miranda's motion to dismiss.

DeVos's notice of appeal cites RAP 2.2(a)(1) and RAP 2.2(a)(3) as the bases for its appeal.  The notice of appeal states that DeVos is seeking review of the "Court's Order on Reconsideration entered . . . on March 1, 2023.  A copy of the Court's Order on Reconsideration is attached hereto as Appendix A."  CP at 613.  Critical to DeVos's appeal, there is no order on reconsideration in the record, only the trial court's 29-page letter decision.

It has been long held that "a memorandum decision is not a final, appealable order."  *Dix v. ICT Group, Inc.*, 125 Wn. App. 929, 933, 106 P.3d 841 (2005) (citing *Chandler v. Doran Co.*, 44 Wn.2d 396, 400, 267 P.2d 907 (1954); *In re Estate of Christensen*, 77 Wash. 629, 630, 138 Pac. 1 (1914); *see also Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 961, 577 P.2d 580 (1978)).  Instead, "a memorandum decision is an expression of the opinion of the court and should be considered only as a direction to counsel in the preparation of a final order."  *Id.*; *see also In re Marriage of*

4

*Tahat*, 182 Wn. App. 655, 672, 334 P.3d 1131 (2014) ("Washington case law has long considered letter rulings as preliminary or tentative decisions subject to change before a final decision that begins the time for an appeal."); *In re Estate of Hein*, 17 Wn. App. 2d 243, 254 n.7, 485 P.3d 953 (2021) ("Even where a letter ruling contains most of the necessary elements of a final judgment, a party cannot appeal until a formal order is entered.").

Here, it is unclear if a final order has been entered on the motion for reconsideration as one is not included in the record before us. Consequently, the court's letter decision is merely a tentative decision, not a final decision subject to review. Notwithstanding the fact that the letter decision is unappealable, even if we were to accept the letter decision as a final order, review would prove purposeless as the trial court did not make any findings as to the excessiveness of the liens. Albeit the court found the liens excessive, the letter decision fails to state the extent to which the liens may be excessive. Rather, the court questioned DeVos's accounting practices and the legitimacy of expenses before providing examples:

> As stated above, many of the receipts provided by Mr. Devos, on behalf of Devos Builders, had no invoice numbers associated with a job site, project or location/addresses to cross reference billing records which gives raise to questionable accounting practices and the legitimacy of the expenses.
>
> For example, high speed internet charges for Devos Builders on [the Property]; Home Depot Receipt; Sherwin-Williams receipt; Lumber & Hardware Inc, Invoice #588435; are "outside" the claim of lien dates of between February 10, 2021, to September 16, 2021. Also, photos of

5

receipts from various businesses with no reference to a project or location, i.e., O'Reilly Auto Parts Store.

Based upon the evidence presented and arguments by the parties, the Court finds the Defendant's liens to be excessive.

CP at 612. Similarly, the court, in its letter decision did not make any findings related to releasing the liens. DeVos argues that the letter decision is appealable under RAP 2.2(a)(1) and RAP 2.2(a)(3) because the court's letter decision is a "final judgment" and a "decision affecting a substantial right." Reply of Appellant at 1-3 (internal quotation marks omitted). DeVos contends the court's letter decision settled the party's rights and determined the limited and narrow RCW 60.04.081 proceeding. However, as discussed above, the court's letter decision is subject to change, and therefore not an appealable order.

Alternatively, DeVos argues we should grant discretionary review. DeVos argues the decision is reviewable under RAP 2.3(b)(3) and RAP 2.3(b)(1)-(2). DeVos contends the trial court departed so far from the usual course of judicial proceedings as to call for review from the appellate court (RAP 2.3(b)(3)) and that the court committed probable or obvious error that renders further proceedings useless or substantially limits the freedom of a party to act. (RAP 2.3(b)(1)-(2)). We need not analyze whether discretionary review under RAP 2.3 is appropriate because the court's letter decision is not an appealable order.

Finally, DeVos argues we should waive or alter the provisions of the applicable RAPs and allow the appeal to go forward. RAP 1.2(c). DeVos argues the "appeal is fully briefed, is ripe for review, and the parties have invested significant time and money in these proceedings." Reply of Appellant at 11-12. We decline to waive or alter the RAPs. DeVos is attempting to appeal a nonreviewable letter decision. As prior cases have explained, a letter decision should be considered only to help guide the parties in crafting the final order. *Dix*, 125 Wn. App. at 933.

Because DeVos is attempting to appeal a nonappealable letter decision, we grant American Pacific and Ms. Miranda's motion and dismiss DeVos's appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Pennell, J.

Staab, A.C.J.

7