Henry MINCEY, Plaintiff—Appellant,

v.

CITY OF BREMERTON, et al., Defendants—Appellees.

No. 01–35210.

D.C. No. CV–99–05678–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2002 *.

Decided March 14, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before ALARCÓN, SILVERMAN, Circuit Judges, and TEILBORG,** District Judge.

### MEMORANDUM ***

Plaintiff, Henry Mincey, appeals the district court's grant of summary judgment in favor of Defendants. The claims raised on appeal are: (1) disparate treatment, (2) negligent infliction of emotional distress, (3) violations of the American's with Disabilities Act ("ADA"), (4) breach of contract, (5) outrage, (6) retaliation, (7) conspiracy, and (8) public disclosure of private facts. For the reasons set forth, we affirm the grant of summary judgment.

The parties are familiar with the facts and the proceedings, and we will refer to them only insofar as necessary to resolve the issues presented on appeal. This case arises from Plaintiff's employment relationship with Defendants. Until January of 1998, Defendants employed Plaintiff as Community Resources Division Manager. On January 5, 1998, the Mayor (Defendant Horton) appointed Plaintiff as Assistant Chief of Police. The appointment was temporary and expected to last four months. The Mayor could extend the appointment in his discretion.

On April 30, 1998, the Chief of Police, Defendant DuFresne, requested that Plaintiff's appointment be extended. However, on May 5, 1998, the Bremerton Police Management Association asked the City to review Plaintiff's appointment to determine compliance with the Civil Service Rules and the City Charter. After completing this review, the City determined that the appointment was in error.

As a result of the mistaken appointment, on June 15, 1998, Defendants reassigned Plaintiff to his previous position as Community Resources Division Manager. Immediately after his reassignment, Plaintiff began taking sick leave and vacation time. Plaintiff also took 12 weeks of Family Medical Leave Act ("FMLA") time. Plaintiff's approved leave ended on November 19, 1998.

As of November 19, 1998, Plaintiff had neither requested an extension of FMLA leave nor completed the necessary paperwork to return to work. As a result, on November 25, 1998, Plaintiff was terminated.

We have jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 28 U.S.C. § 1291. We review a grant of summary judgment *de novo*. *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir.2001) (citing *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 817 (9th Cir.1999)).

### I. Disparate Treatment

■ To make a *prima facie* showing on a claim for disparate treatment, a plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for the

** The Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

position, (3) he was subjected to an adverse employment action, and (4) similarly situated people outside his protected class were treated more favorably. *Chuang v. University of Cal. Davis, Bd. of Trustees,* 225 F.3d 1115, 1123 (9th Cir.2000); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Plaintiff alleges that he is the only person who has been fired for failing to return from FMLA leave. Plaintiff further alleges that he is the only person who was not given the opportunity to extend FMLA leave. In making this claim, Plaintiff failed to identify any individual who was allowed to extend FMLA leave or who was not fired when he or she failed to return from FMLA leave.

Conversely, Defendants argue that the reason no other person has been fired is that no one else has failed to return from FMLA leave. Further, Defendants argue that Plaintiff was advised of the procedure for either extending his FMLA time or returning to work, and Plaintiff did not take advantage of either procedure. Thus, Plaintiff has failed to meet his burden of showing that similarly situated people outside his protected class were treated differently. Accordingly, Plaintiff has failed to establish his *prima facie* case for disparate treatment.

## II. Negligent Infliction of Emotional Distress

■ Negligent infliction of emotional distress is analyzed by applying traditional negligence principles. *Hunsley v. Giard,* 87 Wash.2d 424, 553 P.2d 1096, 1102 (Wash.1976). For a defendant to be liable under a negligence theory, there must be a duty, a breach of the duty, and an injury to the plaintiff proximately caused by the breach. *Hertog v. City of Seattle,* 138 Wash.2d 265, 979 P.2d 400, 406 (Wash. 1999).

Whether a defendant owes a duty to a plaintiff is a question of law. *See generally Hartley v. Washington,* 103 Wash.2d 768, 698 P.2d 77, 85–86 (Wash.1985). A duty is owed to the plaintiff if the conduct of the defendant is unreasonably dangerous. *Corrigal v. Ball & Dodd Funeral Home, Inc.,* 89 Wash.2d 959, 577 P.2d 580, 582 (Wash.1978); *Hunsley,* 553 P.2d at 1103. Conduct is unreasonably dangerous when the risk of harm outweighs the utility of the activity. *See Wells v. Vancouver,* 77 Wash.2d 800, 467 P.2d 292, 298, n. 3 (Wash.1970) (concurring opinion). Additionally, the harm to the plaintiff must be foreseeable; and, if the harm is not foreseeable, there is no liability. *Hunsley,* 553 P.2d at 1103.

In this case, the conduct of the city officials in appointing Plaintiff as interim Assistant Chief of Police was not unreasonably dangerous. Therefore, they did not owe a duty to Plaintiff.

Plaintiff also argues that Defendants are liable to him under a negligence theory because once a person voluntarily assumes a duty, the person will be liable if he or she does not perform that duty with reasonable care. *See Sado v. City of Spokane,* 22 Wash.App. 298, 588 P.2d 1231, 1233 (Wash.App.1979).

Even if we accept Plaintiff's contention that the Defendants undertook a duty to him, the Defendants' duty is still limited to foreseeable harms. No rational juror could find that Plaintiff's "sever emotional distress" was foreseeable when he was returned to the position that he planned to be returned to at the end of his temporary appointment. Thus, Defendant's did not owe a duty to Plaintiff. As a result, no negligence liability exists.

### III. ADA Claim

■ For a plaintiff to prevail on a disability discrimination claim, the plaintiff must show "(1) that he is disabled within the meaning of the ADA, (2) he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) he was terminated because of his disability." *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir. 1996). A plaintiff must meet the same test to show disability discrimination under Washington law and federal law. *See Kees v. Wallenstein,* 161 F.3d 1196, 1199 (9th Cir.1998). A person cannot be a "qualified individual" under the ADA if he is totally disabled and cannot perform the job with or without reasonable accommodation. *Weyer v. Twentieth Century Fox Film Co.,* 198 F.3d 1104, 1108 (9th Cir.2000). The test for being a qualified individual is the same under Washington law. *See Malloy v. Bellevue,* 71 Wash.App. 382, 859 P.2d 613, 617–19 (Wash.Ct.App.1993).

In this case, the doctor's reports provided by Plaintiff to substantiate his use of FMLA time indicated that he was totally disabled and unable to work in any capacity. Therefore, Plaintiff cannot meet the test for being a qualified individual. Plaintiff also argues that the City failed to accommodate his disability. However, Plaintiff does not suggest any accommodation that would have allowed him to return to work. Thus, Plaintiff cannot show that he was a qualified individual after the onset of his disability.

### IV. Breach of Contract

■ The only written contract between the parties was for Plaintiff's job as Community Resource Division Manager. Washington does not recognize implied contract created by oral comments. *See Lawson v. Boeing Co.,* 58 Wash.App. 261, 792 P.2d 545, 547–48 (Wash.Ct.App.1990); *Lords v. Northern Automotive,* 75 Wash. App. 589, 881 P.2d 256, 266 (Wash.Ct.App. 1994). Thus, because there was no contract between the parties for the temporary appointment of Plaintiff, Plaintiff can not recover on a breach of contract claim.

### V. Outrage

■ To recover for the tort of outrage, a plaintiff must show: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual severe emotional distress. *See Rice v. Janovich,* 109 Wash.2d 48, 742 P.2d 1230, 1238 (Wash.1987). None of the Defendants' conduct was extreme or outrageous. Thus, no rational juror could find in Plaintiff's favor on this claim.

### VI. Retaliation

To establish a *prima facie* case for retaliation, a plaintiff must show that: (1) he engaged in an activity protected under Title VII, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected activity and the employer's action. *Miller v. Fairchild Indus.,* 797 F.2d 727, 731 (9th Cir.1986).

■ After being returned to his position as Community Resource Division Manager, Plaintiff filed a claim with the City for emotional distress and a complaint against the City in state court for negligence, negligent infliction of emotional distress, breach of contract, and public disclosure of private facts. A protected activity under Title VII includes: (1) opposing employment practices prohibited under Title VII, and (2) filing a charge, testifying, assisting, or participating in any way in an investigation, proceeding or hearing under Title VII. *See* 42 U.S.C.2000e–3(a). The allegations in both the claim filed with the City and the complaint filed with the state court do not allege any Title VII violations.

These are the only actions that Plaintiff took before he was terminated. Therefore, Plaintiff did not engage in a protected activity prior to being subjected to an adverse employment action. Thus, he failed to make a *prima facie* showing of retaliation.

VII. Conspiracy

■ To establish a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must prove: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person of equal protection of the law, or of equal privileges and immunities under the law, (3) an act in furtherance of the conspiracy, and (4) that the plaintiff was injured in his person or property, or that the plaintiff was deprived of any right or privilege of a citizen of the United States. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992). Further, the plaintiff must prove that the deprivation of a protected right was motivated by some racial, or otherwise class-based, invidious discriminatory animus. *Id.* Finally, allegations of a conspiracy must be supported by specific factual allegations to establish a claim. *See Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff alleges a conspiracy between Meith, the Human Resources Manager, and the Mayor, but does not support such allegation with any specific factual allegations to support his claim. Because Plaintiff does not make any factual assertions, he failed to establish a conspiracy claim.

VIII. Public Disclosure of Private Facts

■ Under Washington law, "One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *Seattle Fire Fighters Union and Local No. 27 v. Hollister,* 48 Wash.App. 129, 737 P.2d 1302, 1305 (Wash. App.1987) (citing RESTATEMENT (SECOND) OF TORTS at § 652D (1977)); *see also Reid v. Pierce County,* 136 Wash.2d 195, 961 P.2d 333, 338 (Wash.1998).

Plaintiff acknowledges that his reassignment would be made public; however, he argues that he should have been advised of his reassignment before it was disclosed to any third parties. This argument fails to establish that the information was not of public concern. Therefore, Plaintiff cannot recover for public disclosure of private facts.

Accordingly, the judgment of the district court is AFFIRMED.