[No. 4422–0–III.   Division Three.   May 4, 1982.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant,*
v. THE CITY OF KENNEWICK, *Respondent.*

*Kenneth O. Eikenberry, Attorney General,* and *Sharon E. Shaw, Assistant,* for appellant.

*William L. Cameron, City Attorney,* for respondent.

Roe, A.C.J.—Must a superior court, acting in an appellate capacity, enter a formal judgment to affirm the decision and order of an administrative agency? Paraphrased, if the written memorandum opinion states the decision of the Board of Industrial Insurance Appeals is affirmed and the opinion is filed, is that sufficient? We answer it is.

The Department of Labor and Industries, acting pursuant to its statutory duties under RCW 49.17, the Washington Industrial Safety and Health Act of 1973 (WISHA), conducted a safety inspection of property belonging to the City of Kennewick. The Department found various violations of the safety standards and assessed penalties of $320. In an appeal to the Board of Industrial Insurance Appeals, the citations and assessment were affirmed in part. RCW 49.17.140(3). The City then appealed to the Superior Court, pursuant to RCW 49.17.150(1). Judge Robert Day of the Benton County Superior Court issued a written memorandum decision, stating "the decision of the Board of Industrial Insurance Appeals is affirmed in its entirety." This decision bears the county clerk's stamp "Filed" and "Recorded" on May 22, 1980. No findings of fact or conclusions of law or other judgment were prepared, and no appeal from this memorandum decision was taken.

The City refused to pay the assessment. On January 8, 1981, the Department filed with the clerk of the Benton County Superior Court a warrant for the unpaid penalty. RCW 51.48.140. The clerk designated a cause number to the warrant, as required by statute. The City successfully moved to dismiss the warrant, that trial court finding the memorandum decision "[did] not dispose of the case." The Department appeals.

The Department contends the memorandum decision issued by Judge Day was sufficient as a final order to apply the warrant collection procedure of RCW 51.48.140. First, the Department correctly points out that formal findings of fact and conclusions of law are not necessary in administrative appeals, as the trial court does not take evidence and only reviews the administrative record. *King County*

*Water Dist. 54 v. King County Boundary Review Bd.,* 87 Wn.2d 536, 543–44, 554 P.2d 1060 (1976); *see Spokane County Fire Protection Dist. 8 v. Spokane County Boundary Review Bd.,* 27 Wn. App. 491, 618 P.2d 1326 (1980); RCW 49.17.150. The question then becomes whether the memorandum decision itself is sufficient. The City argues it is not, citing those cases which hold an oral opinion or memorandum decision is not a final decree. *See, e.g., Dillenburg v. Maxwell,* 70 Wn.2d 331, 340, 413 P.2d 940 (1966); *Ferree v. Doric Co.,* 62 Wn.2d 561, 383 P.2d 900 (1963).

■■ There is, however, a distinction between an opinion, which is a statement by the court of its·reasons for findings, conclusions or judgment, and a decision, which is a judgment or conclusion of the court by and through which it acts. *State ex rel. Lynch v. Pettijohn,* 34 Wn.2d 437, 442, 209 P.2d 320 (1949). A judgment need not be in any particular form, as long as it appears to be the act and adjudication of the court which renders it. *State ex rel. Lynch v. Pettijohn, supra* at 446.

In *State ex rel. Lynch v. Pettijohn, supra,* the petitioner sought a writ of mandamus to compel the judge of the Superior Court for Pend Oreille County to enter a formal final order dismissing a prior proceeding. At the close of that proceeding, the court had prepared a written document entitled "Opinion of the Court", delivered its opinion, reading it into the record, and delivered copies to each counsel. The document was filed in court on the day of the hearing, a notation was made in the clerk's minutes and it was recorded the following day by the county clerk. The opinion recited the facts, presented the contentions of the petitioners, pronounced findings and finally set forth the court's conclusions and order. The Supreme Court held this procedure established a judgment. *See also Grip v. Buffelen Woodworking Co.,* 73 Wn.2d 219, 220, 437 P.2d 915 (1968). Judge Day's memorandum decision is thus a final decree, from which the City could have appealed and on which the Department could collect the assessment due.

In its motion to vacate and dismiss the warrant, the City argued the Department could not rely on the statutory procedures of RCW 51.48.120–.150, as they in essence allowed the Department to split its cause of action. It also argues here that by applying only the collection procedures of RCW 51.48.140, the Department violates the City's due process rights. We reject both these contentions.

WISHA allows for the assessment of civil penalties for violation of the act. RCW 49.17.180(1). Such penalties may be recovered either by civil action in the superior court of the county where the violation is alleged to have occurred, or by resort to the procedures for collection of civil penalties in RCW 51.48.120–.150. RCW 49.17.180(8).

RCW 51.48.120–.150 require the Department to issue a notice of assessment served on the employer who may appeal to the superior court. If there is no petition for review, or in the event of a final decree of any court in favor of the Department, the Department may file with the clerk of the court a warrant in the amount of the notice of assessment. The clerk of the court must then designate a superior court cause number and enter it in the judgment docket. It is then treated as any judgment in a civil case.

■ The policy in this state is that all litigation between the same parties, arising out of the same transaction, be determined in one action to avoid a multiplicity of lawsuits. *O'Kelley v. Sali,* 67 Wn.2d 296, 298, 407 P.2d 467 (1965); *Longenecker v. Brommer,* 59 Wn.2d 552, 564, 368 P.2d 900 (1962); *In re Bouchat,* 11 Wn. App. 369, 374, 522 P.2d 1168 (1974). Here, there was only one action to determine the issues—the propriety of the Department citations and assessments—conducted in Judge Day's court. The warrant, which the City characterizes as a new cause of action because it is given a cause number as required by statute, merely establishes the Department's right to payment and acts as a lien, "the same as a judgment in a civil case duly docketed in the office of [the county] clerk." RCW 51.48-.140. The assignment of a cause number does not in itself split the Department's cause of action.

██ ██ The City's other argument is that the Department must comply with all the requirements of RCW 51.48.120–.150 before it may file a warrant in the superior court. RCW 51.48.120 and .130 provide a procedure for notice and review in the case of "default in any payment." RCW 49.17.140 and .150 set forth the specific procedure for notice and review of WISHA regulations. Where there is a conflict between the statutory provision which treats a subject in a general way, and another which treats a subject in a specific way, the specific statute prevails. *Pannell v. Thompson,* 91 Wn.2d 591, 597, 589 P.2d 1235 (1979). Therefore, the notice and review procedures of RCW 49.17 prevail. RCW 49.17.180 expressly allows the Department to take advantage of the warrant procedures in RCW 51.48-.140 and there is no conflict in it doing so. It is thus available to the Department as an alternate means of collection.

Because of our disposition of this case, we need not reach the City's other issue.

The judgment of the trial court is reversed.[1]

GREEN, J., concurs.

MUNSON, J. (dissenting)—I have both legal and practical objections to the majority holding that a "memorandum decision" was a final judgment.

Legally, there is no authority for treating a superior court differently when it is sitting in an appellate capacity. Superior Court Civil Rule (CR) 54(a)(1) defines judgment:

> A judgment is the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies. A judgment shall be in writing and signed by the judge and filed forthwith as provided in Rule 58.

---

[1]We emphasize this case is limited to its facts, where the superior court acts in an appellate capacity reviewing an administrative agency ruling. This opinion has no effect where a superior court judge after trial renders a memorandum opinion which must be formalized by a judgment, as an appeal will lie only from a final judgment. RAP 2.2(a)(1). In this case the opinion of the trial judge stated it affirmed in its entirety the decision of the Board; this was, in effect, its judgment.

CR 54(e) provides who should prepare a judgment—in most cases the prevailing attorney—and states it must be presented within 15 days of the "entry of the verdict or decision, . . ." No judgment may be signed or entered under CR 54(f)(2) until opposing counsel has been given 5 days' notice of presentation and a copy of the proposed judgment (unless emergency or prior approval is involved). None of these rules provide for filing a memorandum decision, yet CR 81 states "these rules shall govern all civil proceedings." There are no rules of procedure for a superior court sitting in an appellate capacity.

In common practice, a memorandum opinion has no force or effect and is subject to complete revision before becoming final. *See Felsman v. Kessler,* 2 Wn. App. 493, 498, 468 P.2d 691 (1970). The attorney who failed to prevail has no incentive to propose any final judgment. *State ex rel. Lynch v. Pettijohn,* 34 Wn.2d 437, 209 P.2d 320 (1949), is distinguishable. There the parties were on statutory notice the proceedings would be "summary and informal". Further, the judge stated he intended his "opinion" to be a final decision. Here the judge who wrote the memorandum decision did not so state; in fact, he has never been asked what his intent was. A judge of another department held the memorandum decision was not a "final decision" or judgment.

As a practical matter, the bar should not have to act as soothsayers to determine when a written trial court opinion or decision might be a final judgment. For the sake of uniformity, the better practice is to follow CR 54; the prevailing party should submit a proposed judgment, decree or order, with appropriate notice and service upon the opposing party. All parties are then aware of the status of the proceeding and can consider the applicability of postjudgment motions such as motions for reconsideration, CR 59(b), appeals under RAP 2.2, and other time–limited procedures hinging upon entry of judgment.

I would affirm, require a judgment be entered in the original cause No. 79–2–00993–5, which is still lying lan-

guidly within the bosom of the trial court, and allow appeal therefrom.

Reconsideration denied June 22, 1982.

Review granted by Supreme Court September 24, 1982.