99 Wn.2d 225 (1983)
661 P.2d 133
THE DEPARTMENT OF LABOR AND INDUSTRIES, Respondent,
v.
THE CITY OF KENNEWICK, Petitioner.
No. 48845-2.
The Supreme Court of Washington, En Banc.
March 31, 1983.
*226 William L. Cameron, City Attorney, for petitioner.
Kenneth O. Eikenberry, Attorney General, and Meredith Wright Morton, Assistant, for respondent.
DIMMICK, J.
Is a memorandum decision, entered by the superior court while acting in its appellate capacity, a final decree of the court for purposes of the warrant collection procedure of RCW 51.48.140? We hold, pursuant to the civil rules and our long line of decisions, the memorandum decision is not a final order.
The Department of Labor and Industries (Department) inspected a jobsite operated by the City of Kennewick (City) pursuant to RCW 49.17, the Washington Industrial Safety and Health Act of 1973 (WISHA). The Department assessed the City $320 in penalties for several violations of safety standards. The Board of Industrial Insurance Appeals affirmed the assessment. The City appealed this ruling to the Benton County Superior Court as provided in RCW 49.17.150(1). Judge Robert Day issued a written memorandum decision affirming the Board's order. No findings of fact, conclusions of law or judgment were prepared or filed, nor was the memorandum decision entered in the judgment journal.
The City refused to pay the assessment so the Department *227 filed a warrant pursuant to RCW 51.48.140 to collect the unpaid assessment. Judge Albert Yencopal granted the City's motion to vacate the warrant finding that the Department could not file the warrant since Judge Day's memorandum decision was not a final order and did "not dispose of the case." The Department appealed and a divided Court of Appeals reversed, holding that the memorandum decision was a final order which would support the warrant collection procedure. Department of Labor & Indus. v. Kennewick, 31 Wn. App. 777, 644 P.2d 1196 (1982). We granted review only on this narrow issue and reverse the Court of Appeals.
The Department followed the collection procedures set forth in RCW 51.48.120-.150[1] in its attempt to collect the penalties imposed under WISHA. Specifically, the Department filed a warrant which operates as a lien on all real and personal property of an employer in the county where it is filed. A condition precedent for such a warrant is as follows:
If a petition for review is not filed with the clerk of the superior court and served upon the director within thirty days from the date of service of the notice of assessment, as indicated in the affidavit of service by mailing of the department, or in the event of a final decree of any court in favor of the department in a petition for review, which is not appealed within the time allowed by law, the amount of the notice of assessment shall be deemed final and established and the director or his designee may file with the clerk of any county within the state a warrant in the amount of the notice of assessment.
(Italics ours.) RCW 51.48.140.
To determine whether Judge Day's memorandum decision was a "final decree", we examine our rules of procedure, *228 civil rules and decisional law. RAP 5.2(a) provides, inter alia, that the time for appeal from a decision of a trial court is "30 days after the entry of the decision of the trial court which the party filing the notice wants reviewed." RAP 5.2(c) provides the date of entry of a trial court decision is determined by CR 5(e) and 58. CR 5(e) provides that filing with the court shall be made by filing with the clerk of the court. CR 58 provides that, unless the court directs otherwise, all judgments shall be entered immediately after they are signed by the judge. The judgment shall, in most cases, be deemed entered for procedural purposes from the time of delivery to the clerk for filing. CR 58(b). Judgments are defined in CR 54(a)(1):
A judgment is the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies. A judgment shall be in writing and signed by the judge and filed forthwith as provided in Rule 58.
[1, 2] These rules, standing alone, indicate the filing of a trial court's signed memorandum decision with the court clerk could constitute entry of a judgment. However, CR 54(e) clearly contemplates a more formal procedure.
(e) Preparation of Order or Judgment. The attorney of record for the prevailing party shall prepare and present a proposed form of order or judgment not later than 15 days after the entry of the verdict or decision, or at any other time as the court may direct. Where the prevailing party is represented by an attorney of record, no order or judgment may be entered for the prevailing party unless presented or approved by the attorney of record. If both the prevailing party and his attorney of record fail to prepare and present the form of order or judgment within the prescribed time, any other party may do so, without the approval of the attorney of record of the prevailing party upon notice of presentation as provided in paragraph (f)(2).
CR 54(e). This rule, on its face, requires entry of a formal order prepared (in most cases) by the prevailing party and signed by the judge. The memorandum decision in this case did not comply with these requirements.
*229 The Department contends that CR 54(e) does not apply where the superior court acts in an appellate capacity. We do not agree as we find no authority for treating a superior court differently when it is sitting in an appellate capacity. CR 81 states "these rules shall govern all civil proceedings." Application of CR 54(e) in this case promotes uniformity and certainty. We see no apparent hardship on the prevailing party to present a formal order.
Decisions of this court confirm the conclusion reached under the civil rules that a memorandum decision is not a final appealable judgment. As early as 1914 we held that
It has been the practice of this court ... to treat a memorandum decision of the superior judge as a direction to counsel in the preparation of the formal orders contemplated by our practice acts.
In re Estate of Christensen, 77 Wash. 629, 630, 138 P. 1 (1914).
In Chandler v. Doran Co., 44 Wn.2d 396, 400, 267 P.2d 907 (1954), we said:
But the memorandum is not a final disposition of its subject matter by the trial court. It is not an order in the cause. It is an expression of the then opinion of the court and should be considered only as a direction to counsel in the preparation of a final order. Until a formal order is entered, the court may change its mind, as it did in this case when, upon reconsideration, it overruled defendant's demurrer to the second cause of action and granted the motion to strike it. The time within which an appeal must be perfected is computed from the date of the final order or judgment of the court, and not from the date of its memorandum decision.
In Nicacio v. Yakima Chief Ranches, Inc., 63 Wn.2d 945, 948, 389 P.2d 888 (1964), this court held that a memorandum opinion filed on a motion for summary judgment was not an order but merely "an expression of the court's intention relative to the issue".
Finally, this court clearly distinguished between entry of a memorandum decision and entry of a judgment in Corrigal v. Ball & Dodd Funeral Home, Inc., 89 Wn.2d 959, 961, *230 577 P.2d 580 (1978):
Although appellant's notice of appeal was filed more than 30 days after entry of the memorandum decision, our rules require only that the notice be filed within 30 days of the entry of judgment. See RAP 2.1(a)(2); 5.2(a), (c); CR 58. Appellant's notice of appeal was filed within 14 days of the entry of judgment. Thus, the appeal is timely and respondent's motion is denied.
The majority of the Court of Appeals avoided the application of CR 54(e) and the above cases by relying upon State ex rel. Lynch v. Pettijohn, 34 Wn.2d 437, 209 P.2d 320 (1949). Pettijohn carves out a limited exception to the rule that a memorandum decision is not a final, appealable judgment. Pettijohn and its exception, however, are distinguishable from the instant case. Pettijohn involved a proceeding under a statute providing for a taxpayer's appeal to the superior court from an order of the board of county commissioners authorizing an emergency expenditure. The appeal took the form of a trial de novo and the statute provided that the procedure was to be "summary and informal" and that the court's determination was to be final. The trial court in Pettijohn prepared a written document entitled "Opinion of the Court", read it into the record, and gave a copy to each counsel. Entry of the order was noted in the clerk's minutes and it was recorded. Immediately after the reading of the opinion, petitioner's counsel gave oral notice of appeal. Petitioner's attorney thereafter sought to have the judge enter a formal order. The judge refused, stating that the written opinion "`was intended to be and was considered by all parties at the time as a final order'". 34 Wn.2d at 441.
This court concluded that the written opinion was in fact a final order and therefore appealable. A critical factor which persuaded this court in Pettijohn was the statutory declaration that the superior court proceedings be summary and informal. This statutory declaration meant that the proceedings "be conducted as expeditiously and with as little technical formality as possible". 34 Wn.2d at 447. No *231 such statutory declaration of informality is present in RCW 49.17. This alone is sufficient to distinguish Pettijohn. In addition, however, in Pettijohn we emphasized the particular facts of the case in analyzing whether the opinion was an appealable order. The facts of this case are clearly distinguishable from those in Pettijohn.
To summarize, we agree with the following reasoning in Judge Munson's dissent:
As a practical matter, the bar should not have to act as soothsayers to determine when a written trial court opinion or decision might be a final judgment. For the sake of uniformity, the better practice is to follow CR 54; the prevailing party should submit a proposed judgment, decree or order, with appropriate notice and service upon the opposing party. All parties are then aware of the status of the proceeding and can consider the applicability of postjudgment motions such as motions for reconsideration, CR 59(b), appeals under RAP 2.2, and other time-limited procedures hinging upon entry of judgment.
31 Wn. App. at 783.
Thus, we reverse the Court of Appeals and affirm the trial court's ruling vacating the Department's warrant. A judgment must be entered in the original cause XX-X-XXXXX-X.
WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, and PEARSON, JJ., concur.
NOTES
[1] RCW 49.17.180(8) provides:

"Civil penalties imposed under this chapter shall be paid to the director for deposit in the supplemental pension fund established by RCW 51.44.033. Civil penalties may be recovered in a civil action in the name of the department brought in the superior court of the county where the violation is alleged to have occurred, or the department may utilize the procedures for collection of civil penalties as set forth in RCW 51.48.120 through RCW 51.48.150."