[No. 6298-8-III.   Division Three.   March 26, 1985.]

THE CITY OF CHENEY, *Respondent,* v. WILLIAM
D. MARCHAND, *Petitioner.*

*Alan L. McNeil* and *Leonard J. Wolf* and *William F. Hooks, Legal Interns,* of *University Legal Assistance,* for petitioner.

*Steven C. Miller, City Attorney,* and *Dane A. Whetsel, Legal Intern,* for respondent.

GREEN, C.J.—One basic question is presented: In an appeal from municipal court, does a superior court judge's oral decision which is transcribed and filed but not signed constitute a final order or judgment vesting the municipal court with authority to proceed? We answer in the negative.

William D. Marchand was convicted of filing a false report in violation of Cheney Municipal Code 9A.08.010. The municipal judge sentenced Mr. Marchand to serve 180

days in jail suspended on condition he participate in an alcohol treatment program and pay court costs. He appealed to superior court and on June 21, 1983, a superior court judge orally affirmed the conviction. On June 24 the oral decision was transcribed, but not signed, and filed by the superior court clerk. The case was remanded to Cheney Municipal Court.

In December the Municipal Court issued a warrant for Mr. Marchand's arrest for failing to participate in an alcohol treatment program. On January 18, 1984, he was arrested and jailed. The following day, the municipal judge held a hearing and reimposed sentence. On January 20 Mr. Marchand moved the superior court for entry of a final order in his appeal and for a writ of prohibition against the municipal court judge's reimposition of sentence on the basis the municipal court was without power to act until such final order was entered. On that day, the motion for writ of prohibition was denied by written order, and on January 30 Mr. Marchand's motion for entry of a signed order disposing of the appeal was denied. Discretionary review was granted by our commissioner to review these determinations.

Mr. Marchand contends the unsigned oral opinion affirming his municipal court conviction does not constitute a final order revesting the municipal court with power to proceed. He argues an appeal to the superior court is not finally disposed of until the judge signs and files a written order remanding the case to municipal court. The City of Cheney, on the other hand, contends the rules governing appeals from courts of limited jurisdiction do not require a signed order for the decision to have finality. We disagree.

The superior court judge, at the close of his oral decision, stated: "As I read the rules, it will be necessary that my oral opinion be transcribed and filed. As I read the rules at this point, it will then be transmitted." The court apparently was referring to RALJ 9.1(f) which provides:

> **Form of Decision.** The decision of the superior court shall be in writing and filed in the clerk's office with the

other papers in the case. The reasons for the decision shall be stated.

However, RALJ 9.2(a), entitled "Entry of Decision", provides:

> **In Superior Court.** The decision of the superior court on appeal is a final judgment in the superior court, unless the decision states otherwise. The date of entry of the decision is determined by CR 58(a) and (b).

The City contends the transcribed oral decision stating its reasons for the decision complies with RALJ 9.1(f) and by virtue of RALJ 9.2(a) is a final judgment which is appealable and, if not appealed, revests the municipal court with control of the proceeding. This position overlooks the last sentence of the rule which states the date of entry is determined by CR 58(a) and (b).

CR 58 relating to entry of judgment in superior court provides:

> **(a) When.** Unless the court otherwise directs and subject to the provisions of rule 54(b), *all judgments shall be* entered immediately after they are *signed* by the judge.
> **(b) Effective Time.** Judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing . . .

(Italics ours.) This rule requiring a judgment to be signed by the judge is reinforced by CR 54(a)(1) which defines a judgment and states it "shall be in writing *and signed* by the judge and filed forthwith as provided in rule 58." (Italics ours.)

Reading these rules as a whole leads us to conclude that the decision of the superior court on review of an appeal from a court of limited jurisdiction must be signed by the judge before it is final and reviewable or operates to revest the municipal court with power to proceed. This interpretation is in keeping with the policy considerations underlying the decision in *Department of Labor & Indus. v. Kennewick,* 99 Wn.2d 225, 231, 661 P.2d 133 (1983). Consequently, the Municipal Court here was without power

to proceed with Mr. Marchand's alleged violation of his suspended sentence until such time as the oral decision of the Superior Court was signed by the judge.[1] It follows the writ of prohibition should have been granted until the decision on the appeal was finalized.

We do not find merit in Mr. Marchand's request for reasonable attorney fees. He cites RCW 4.84.185 which relates to frivolous actions or defenses. It has no application here. Each party shall bear its own costs.

Reversed.

McINTURFF and THOMPSON, JJ., concur.

---

[1]In view of the posture of this case, we find it unnecessary to decide whether the signed "Final Order Denying Appellant's Presentation of an Order" entered January 30, 1984, reaffirming the judge's oral decision could constitute substantial compliance with the rules. Neither party has presented this issue.