FILED
COURT OF APPEALS
DIVISION II

2014 JUL -8 AM 10: 10

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DALE A. WEEMS, | No. 44713-4-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, BOARD OF INDUSTRIAL INSURANCE APPEALS, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — Dale Weems sought judicial review of an order of the Board of Industrial Insurance Appeals denying his application to reopen his claim for worker's compensation benefits. After a bench trial, the superior court entered findings of fact, conclusions of law, and an order vacating the Board's order because the Board failed to provide Weems with appointed counsel at public expense during its administrative proceeding. Later granting the Board's motion to reconsider this ruling, however, the superior court vacated its own findings of fact, conclusions of law, and order. The superior court did not enter new findings and conclusions, nor did it enter a new judgment in any party's favor.

Weems appeals from the superior court's order granting the Board's motion to reconsider, arguing that both Title II of the Americans with Disabilities Act[1] and the Washington

---

[1] 42 U.S.C. §§ 12131-12165 (2012).

Law Against Discrimination[2] require appointment of counsel as an accommodation for Weems's mental disability. We decide that the superior court's order is appealable, but we cannot review it in the absence of findings of fact on disputed and material issues. Accordingly, we (1) vacate the superior court's order granting the Board's motion to reconsider; (2) vacate the superior court's November 20, 2012 findings of fact, conclusions of law, and order; and (3) remand to the superior court for entry of new findings of fact, conclusions of law, and judgment.

## FACTS

In 1973, while Weems worked for Delson Lumber, Inc., a cable struck Weems in the head, broke cartilage in his nose, and bruised his nose and face. Weems applied for and received time-loss benefits compensating him for two days during which he was unable to work. The Department of Labor and Industries then closed the claim without granting further benefits.

According to Weems, he was also involved in other accidents over the years. He testified that in 1981 he fell 75 feet off of a water tower while working for a different company. He further testified that his face struck a wall at home in 1997 or 1998, and this accident caused him to recall his 1973 injury for the first time. With assistance from his wife, whom he met in 1987, Weems then reconstructed the events of his 1973 injury.[3]

---

[2] Chapter 49.60 RCW.

[3] Based on his reconstructed memories, Weems claimed that his 1973 injuries were more severe than his medical records described. Specifically, Weems claimed that "[his] face was tore off" from the right ear to left cheek and "[his] neck was shattered," resulting in 36 hours of reconstructive surgery and 5 days of unconsciousness. Tr. (Sept. 10, 2008) at 32, 47. He also claimed lasting brain damage. The industrial appeals judge did not credit these claims because they lacked support in medical records or reliable testimony.

In 2007, Weems applied to reopen his claim due to the worsening of injuries allegedly caused by the 1973 accident: neck pain, rhinitis, sinus infections, headaches, and depression. *See* RCW 51.32.160. The Department denied Weems's application.

Acting pro se, Weems appealed the Department's denial to the Board of Industrial Insurance Appeals.[4] The Board assigned an industrial appeals judge to preside over administrative proceedings.

At the parties' first conference, the industrial appeals judge advised Weems that he was entitled, at his own expense, to representation by an attorney or a qualified lay representative. *See* WAC 263-12-020(1)(a). Weems stated, "I've tried to get attorneys and they won't take it." Tr. (June 3, 2008) at 13.

Weems participated in the conference with assistance from his wife, but his performance was erratic.[5] According to Weems, he could read words and sentences, but he could not understand paragraphs. The industrial appeals judge, Weems, and Ms. Weems discussed whether an attorney should represent Weems:

> JUDGE: .... You are held to the standard of an attorney in conducting any discovery, all right? Mr. Weems, do you understand that?
> MR. WEEMS: Yes.
> MRS. WEEMS: So it's almost pertinent that we do need an attorney. We do need an attorney, I'm sure.
> JUDGE: I would say that I highly recommend an attorney to any—

---

[4] Through a lay representative, Delson Lumber declined to participate in Weems's appeal.

[5] For example, at the industrial appeals judge's request, Weems listed four witnesses he intended to call: himself, his wife, and two doctors who had treated him. Later, Weems interjected to say that he also intended to call "The Media," by which he meant a local television show. Tr. (June 3, 2008) at 19-20. The industrial appeals judge replied, "Well, a television show, Mr. Weems, cannot be a witness." Tr. (June 3, 2008) at 20.

MRS. WEEMS: Because I don't think Mr. Weems can represent himself. His mental capacity is—I've said he wouldn't be able to represent himself.

JUDGE: All right. He seems responsive today and seems very able to answer questions. He seems to understand what's going on.

MRS. WEEMS: He can answer questions, but I don't think he fully can understand the consequences or the procedures [like the Department's attorney can].

. . . .

JUDGE: Well, yes. As I indicated previously, unless you have specific legal training, Mr. Weems, it's unlikely that you would be able to—

MRS. WEEMS: Prevail?

JUDGE: Well, handle the case like an attorney would handle it just because you don't have the training and the understanding of the Workers' Compensation laws. All right?

MR. WEEMS: Yeah, I imagine I don't.

JUDGE: So I do recommend that you talk to an attorney or attorneys to see if you can find someone to represent you because it would be to your benefit to do so. All right?

Tr. (June 3, 2008) at 28-29.

At the close of Weems's case-in-chief, the industrial appeals judge granted the Department's motion to dismiss on the ground that Weems failed to establish a prima facie case that his injury had worsened between 2003 and 2008. Weems petitioned the Board for review, but the Board denied the petition and adopted the industrial appeals judge's proposed decision and order. The Board also denied Weems's motion to reconsider its decision.

Weems then sought judicial review of the Board's order. The superior court found that "Weems currently suffers from a mental health condition that [a]ffects his ability to fully and effectively represent himself and prosecute his labor and industries case." Board Record (BR) at 66. Accordingly, the superior court appointed counsel to represent Weems pursuant to GR 33 and the Americans with Disabilities Act.

4

The superior court also reversed the Board, concluding that Weems had in fact established a prima facie case that the 1973 accident caused one or more injuries—namely headaches, depression, or a mental health condition—that had worsened. Upon entering its order, the superior court relieved Weems's appointed counsel of all further representation.[6]

On remand to the Board, an industrial appeals judge reopened the hearing to allow the Department to present its case. The parties agreed to accept the results of a medical examination performed by a Board-commissioned neurologist.[7] However, the neurologist's examination failed to address the issues on remand, and the industrial appeals judge ordered Weems to participate in a psychiatric evaluation.

In the administrative proceedings following the superior court's remand, Weems again acted pro se with assistance from his wife. Weems and his wife became upset with the delay in the proceedings, the Department's refusal to offer a settlement, and their lack of representation:

> Ms. WEEMS: We haven't got an attorney. We'll have to go find one. Because you guys [i.e., the Department] have had an attorney in this court sitting across from us, we're sitting here without any representation all this time. And you've made it last another year.
> JUDGE: Well—
> Ms. WEEMS: So we're going to have to wait another year, and probably another year, and another year, and then pretty soon we'll be dead and there won't be anybody to give this money to, so then she can—then the State can keep it.
> JUDGE: Well, look, I'd recommend that you get an attorney.

---

[6] In his first appeal to superior court, Weems apparently did not argue that the Board should have appointed counsel for him.

[7] Weems's wife later denied that he agreed to this examination, asserting, "We were forced to do that. We had no choice. We have no power, we have no attorney." Tr. (Apr. 7, 2011) at 10.

> Ms. WEEMS: We should have did that at the beginning, instead of us playing this game.

Tr. (June 13, 2011) at 5.

Weems and his wife then accused the industrial appeals judge of forcing Weems to proceed pro se, while Weems himself stated that he did not want to hire an attorney:

> Ms. WEEMS: .... We have had no representation at all, and you wouldn't allow us to have representation. You told us we couldn't have an attorney. Remember?
> JUDGE: No, I did not.
> Ms. WEEMS: You did that, sir.[8]
> JUDGE: Now, are you going to get an attorney?
> MR. WEEMS: I don't think so. I don't think I need an attorney.
> Ms. WEEMS: We're going to go back to Superior Court.
> [MR.] WEEMS: I don't think I have to share my money with anybody. I've already won my case.
> Ms. WEEMS: We're going to go back to Superior Court.
> JUDGE: Well, okay.

Tr. (June 13, 2011) at 7.

Similarly, shortly after the next conference began, Weems abruptly left the hearing room because he was "not going to put up with this."[9] Tr. (Aug. 29, 2011) at 4. Weems's wife remained; the industrial appeals judge explained the nature of his inquiry on remand, and then the following exchange occurred:

> Ms. WEEMS: And are we supposed to get an attorney? Is that what we're supposed to do? Are we supposed to get an attorney to look after our rights? Or what?
> JUDGE: If you get an attorney, you have to do that on your own.

---

[8] Nothing in the record supports Ms. Weems's assertion.

[9] The record does not explain why Weems became frustrated. He left when the Department requested a medical examination to determine whether the 1973 accident caused a psychiatric injury.

> Ms. WEEMS: I understand that, sir. I didn't think you guys were going to pay for anything.
>
> JUDGE: So if you wish to get an attorney, you—
>
> Ms. WEEMS: We'll have to pay them ourselves, I know.

Tr. (Aug. 29, 2011) at 9. Weems still did not hire an attorney, and nothing in the record shows that Weems requested the Board to appoint counsel for him.

Further, between August 5, 2010, and September 12, 2011, the industrial appeals judge sent Weems 11 notices of various conferences and hearings. Each of the 11 notices stated, "NOTE: If you are a person with a disability and need assistance at the scheduled event, please contact the judge's assistant." BR at 68, 75, 76, 78, 79, 80, 105, 108, 120, 126, 130. But nothing in the record shows that Weems requested assistance for any disability.

During its case, the Department called Dr. Thomas Dietrich and Dr. Richard Schneider to testify as medical experts. They opined that (1) Weems's 1973 injury did not cause his headaches or any mental illness and (2) Weems's mental state had not worsened between 2003 and 2008. Weems declined to cross-examine Dr. Dietrich because he believed that the testimony had been favorable. Describing herself as "attorney illiterate," Ms. Weems also declined to cross-examine Dr. Dietrich because she did not know what questions to ask. Tr. (Oct. 11, 2011) at 19. But both Mr. Weems and Ms. Weems cross-examined Dr. Schneider.

The industrial appeals judge entered a proposed decision and order affirming the Department's denial of Weems's application to reopen his claim. Weems filed a petition seeking the Board's review of the proposed decision and order. The Board denied the petition and adopted the industrial appeals judge's proposed decision and order.

No. 44713-4-II

Weems again sought judicial review of the Board's order.[10] Pursuant to GR 33, the superior court again appointed counsel to represent Weems at public expense. Weems's appointed counsel and the Department delivered argument, but neither party presented additional evidence in the superior court.[11]

Without challenging the merits of the Board's order, Weems argued for the first time in the superior court that the Board's order should be vacated and the case remanded for rehearing with Weems represented by a GR 33 attorney because a mental disability prevented him from meaningful participation in the administrative proceeding as required by the Americans with Disabilities Act and the Washington Law Against Discrimination. Initially agreeing with Weems, the superior court entered findings of fact, conclusions of law, and an order vacating the Board's order on November 20, 2012. The superior court's order further directed the Board to appoint an attorney for Weems and rehear his application.

The Board then entered an appearance and moved for reconsideration of the superior court's order under CR 59(a)(9).[12] Determining that substantial justice had not been done

---

[10] Weems's complaint named only the "Board of Industrial Appeals" as defendant. CP at 9. The Department promptly entered a notice of appearance with "[sic]" in the caption, but the record does not show that the Department was joined to the case as a defendant. CP at 10. The Department and the Board have each filed a respondent's brief in this appeal.

[11] The record on appeal does not include the verbatim report of proceedings in the superior court. The clerk's minutes state merely that each side presented argument.

[12] Because the Board is a quasi-judicial agency, it is generally inappropriate for the Board to participate in judicial review of its decisions; however, the Board may participate when the integrity of its decision-making process is at issue. *Kaiser Aluminum & Chem. Corp. v. Dep't of Labor & Indus.*, 121 Wn.2d 776, 781-82, 854 P.2d 611 (1993). In this case, the Department alone defended the Board's order at first. After the Board's procedures had become an issue, the Board entered an appearance.

8

because it had committed an error of law, the superior court on March 8, 2013, granted the Board's motion and vacated its own findings of fact, conclusions of law, and order. The superior court explained that "there is no requirement presently in constitution, statute, or rule requiring the Board" to undertake a fact-finding investigation to determine whether Weems needed appointed counsel as a reasonable accommodation. CP at 204. But the superior court did not enter new findings of fact and conclusions of law, and it did not enter a new judgment in any party's favor.

Weems appeals from the superior court's order granting the Board's CR 59 motion to reconsider the superior court's findings, conclusions, and order. Three nonparties—Disability Rights Washington, the Fred T. Korematsu Center for Law and Equality, and the Northwest Justice Project—each received our permission to submit briefs as amici curiae in support of Weems. The Department and the Board each answered the amici.

Before oral argument, this court's clerk sent a letter advising all counsel of record that the trial court made no findings of fact related to the legal issues argued in the briefs. The letter further directed the parties to prepare to discuss at oral argument the appealability and justiciability of this case, even though the briefs did not mention these issues.

## ANALYSIS

Weems assigns error to the legal basis of the superior court's March 8, 2013 order granting the Board's CR 59 motion to reconsider and vacating the findings of fact, conclusions of law, and order entered on November 20, 2012. First addressing a threshold issue, we decide that the superior court's March 8 order was appealable. However, the superior court's findings of fact are inadequate to permit appellate review of Weems's argument.

A.    *The Superior Court's Order Was Appealable*

Weems's notice of appeal designated only the superior court's March 8 order granting the Board's CR 59 motion to reconsider.[13] This order was appealable.

RAP 2.2(a) lists the types of decisions that are appealable as a matter of right. *In re Chubb*, 112 Wn.2d 719, 721, 773 P.2d 851 (1989). At oral argument, the Department argued that the superior court's March 8 order was appealable under RAP 2.2(a)(10). We agree.

RAP 2.2(a)(10) provides that "[a]n order granting or denying a motion to vacate a judgment" is appealable. Thus the March 8 order was appealable if the order it vacated—that is, the November 20 findings of fact, conclusions of law, and order—was a judgment. A judgment is a "final determination of the rights of the parties in the action." CR 54(a)(1); *see Dep't of Labor & Indus. v. City of Kennewick*, 99 Wn.2d 225, 228, 661 P.2d 133 (1983). The November 20 findings of fact, conclusions of law, and order was a judgment because it finally determined that Weems was entitled to the remedy he sought on judicial review: a remand to the Board for rehearing with counsel appointed to represent him in the administrative proceedings. Therefore the March 8 order granting the Board's motion to reconsider was appealable under RAP 2.2(a)(10).[14]

Further, under RAP 2.4(c), an appeal from an order deciding a CR 59 motion to reconsider allows us to consider the propriety of the underlying order. *Davies v. Holy Family*

---

[13] Under CR 59(a), a party may move (1) to vacate a verdict and grant a new trial or (2) to vacate and reconsider "any other decision or order."

[14] Because the order was appealable under RAP 2.2(a)(10), we need not consider Weems's argument that the order was appealable under RAP 2.2(a)(3).

*Hosp.*, 144 Wn. App. 483, 492, 183 P.3d 283 (2008). Thus we may consider the November 20 findings of fact, conclusions of law, and order.

B.     *The Superior Court's Findings of Fact Are Insufficient for Appellate Review*

Weems claims that the superior court erred because the Board discriminated against him in violation of the Americans with Disabilities Act (ADA) and the Washington Law Against Discrimination (WLAD). We cannot review this claim because the record before us lacks findings of fact on material issues.

Chapter 51.52 RCW establishes a procedure for obtaining judicial review of the Board's orders. When a party appeals the Board's order to the superior court, the superior court conducts a trial de novo on the administrative record.[15] RCW 51.52.115. The party challenging the Board's findings and decisions bears the burden of establishing that they are incorrect by a preponderance of the evidence. *Ravsten v. Dep't of Labor & Indus.*, 108 Wn.2d 143, 146, 736 P.2d 265 (1987); *see* RCW 51.52.115. Thus the Board's findings are prima facie correct only in a limited sense: if the superior court decides that the evidence on an issue is evenly balanced, the Board's finding must stand. *Groff v. Dep't of Labor & Indus.*, 65 Wn.2d 35, 43, 395 P.2d 633 (1964).

Our review of the superior court's decision following a bench trial is limited to determining whether substantial evidence supports the superior court's findings of fact and, if so, whether the findings of fact support the conclusions of law. *Ruse v. Dep't of Labor & Indus.*,

---

[15] The superior court may take additional testimony "in cases of alleged irregularities in procedure before the board, not shown in [the administrative] record." RCW 51.52.115. But here, neither party elicited additional testimony in the superior court.

138 Wn.2d 1, 5, 977 P.2d 570 (1999). The precise issues that must be determined in findings of fact will depend on the circumstances of each case. *Groff*, 65 Wn.2d at 40 (quoting *Kelley v. Everglades Drainage Dist.*, 319 U.S. 415, 419, 63 S. Ct. 1141, 87 L. Ed. 1485 (1943)). But to enable appellate review, the superior court must (1) enter findings of fact that resolve the disputed issues of material fact and (2) apply the law to the facts it has found. *Groff*, 65 Wn.2d at 40.

In *Groff*, the superior court's findings of fact were inadequate for appellate review. *Groff*, 65 Wn.2d at 40. In that case, a claimant's application for benefits presented two factual issues: (1) whether the claimant had a disabling injury and, if so, (2) whether the claimant's employment caused the injury. *Groff*, 65 Wn.2d at 36. The Board denied the application, determining that the claimant failed to show causation. *Groff*, 65 Wn.2d at 37. The claimant sought judicial review; but after a hearing de novo, the superior court entered findings of fact that merely recited the procedural history and determined that the Board's decision was correct as to the facts and law. *Groff*, 65 Wn.2d at 37-38. Although the superior court's findings of fact were enough to dispose of the case in that court, the findings were "completely inadequate" for appellate review because the appellate court could not tell which facts determined the issues or whether the superior court properly applied the law. *Groff*, 65 Wn.2d at 39-40.

Here, the superior court vacated its November 20 findings of fact when it entered the March 8 order granting the Board's CR 59 motion to reconsider. Nonetheless, RAP 2.4(c) allows us to consider those findings of fact. *Davies*, 144 Wn. App. at 492. But under the circumstances of this case, those findings of fact are inadequate for us to consider Weems's argument that the Board discriminated against him in violation of the ADA and WLAD by

failing to appoint counsel at public expense as a reasonable accommodation for his mental disability. *See Groff*, 65 Wn.2d at 40.

Whether the Board discriminated against Weems on the basis of his disability is a mixed question of fact and law. *Fell v. Spokane Transit Auth.*, 128 Wn.2d 618, 637, 911 P.2d 1319 (1996). To identify the factual issues that are material to Weems's argument, we must consider the elements of his ADA and WLAD claims. *See Groff*, 65 Wn.2d at 36.

Title II of the ADA, 42 U.S.C. §§ 12131-12165 (2012) (Title II), prohibits public entities from discriminating against qualified individuals with disabilities in public accommodations.[16] *Tennessee v. Lane*, 541 U.S. 509, 517, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004). A public entity must provide a reasonable accommodation where necessary to provide meaningful access to individuals with disabilities, including "an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity." 28 C.F.R. § 35.160(b)(1) (2009); *see Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

A person alleging a Title II violation must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefit of a public entity's services, programs, or activities, *or* the public entity otherwise discriminated against him; and (3) the exclusion, denial, or discrimination was by reason of his disability. *Duvall v. Kitsap County*, 260 F.3d 1124, 1135 (9th Cir. 2001). When a public entity receives a request for an

---

[16] Specifically, 42 U.S.C. § 12132 provides:
> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

accommodation—or when "the need for accommodation is obvious, or required by statute or regulation"—it must conduct a fact-specific investigation to determine the appropriate accommodation under the circumstances. *Duvall*, 260 F.3d at 1139. But a public entity has an affirmative defense if it shows that the requested accommodation would impose an undue financial or administrative burden. *Randolph*, 170 F.3d at 858.

Similarly, the WLAD requires all places of public accommodation to provide people with disabilities an equal opportunity compared to people without disabilities. *Fell*, 128 Wn.2d at 631, 635. A plaintiff alleging disability discrimination must show that (1) he has a recognized disability, (2) the defendant operates a place of public accommodation, (3) the defendant discriminated against the plaintiff by providing treatment that was not comparable to the level of services enjoyed by persons without disabilities, and (4) the disability was a substantial factor causing the discrimination. *Fell*, 128 Wn.2d at 637. But the defendant has not engaged in unlawful disability discrimination if its failure to accommodate the plaintiff rests on a legitimate and nondiscriminatory reason, including financial unfeasibility. *Fell*, 128 Wn.2d at 642.

The superior court's findings of fact left material factual disputes undecided.[17] In relevant part, the superior court found:

> 1.1 At a scheduling conference held June 3, 2008, before the [Board], [Ms. Weems] asked that court to appoint an attorney to represent [Mr. Weems]. Ms. Weems advised that court that [Mr. Weems] lacked the mental capacity to represent himself.
> 1.2 No appropriate colloquy nor investigation was conducted by the [Board] with respect to whether [Mr. Weems] was suffering from a mental condition that would impair his ability to proceed pro-se.

---

[17] The parties do not dispute that the Board is (1) a public entity subject to Title II of the ADA and (2) a place of public accommodation subject to the WLAD.

. . . .

1.6 [In his first appeal to superior court, [t]his court appointed an attorney to represent [Mr. Weems], pursuant to [t]he Amercians [w]ith Disabilities Act, after [f]inding that [Mr. Weems] was unable to "fully and effectively" represent himself.

. . . .

1.8 On remand, the [Board] did not conduct an appropriate inquiry into [Mr. Weems's] mental condition.

1.9 Ultimately, after once again exhausting his administrative remedies, [Mr. Weems] timely appealed the [Board's] decision to this court, with the assistance of his GR 33 appointed attorney.

CP at 135-36.[18]

These findings leave at least four material factual disputes unresolved. First, the superior court did not determine whether Weems is a person with a "disability" as the statutes define that term.[19] *See* 42 U.S.C. § 12102(1); RCW 49.60.040(7). Second, the superior court did not determine whether Weems requested that the Board appoint him counsel as an accommodation for his disability or whether Weems's need for accommodation was "obvious" to the Board. *See Duvall*, 260 F.3d at 1139. Third, the superior court did not decide whether the Board's alternatives to the appointment of counsel at public expense—such as Weems's ability to hire an attorney on a contingency fee basis,[20] Ms. Weems's assistance as a lay representative, and the industrial appeals judge's questioning of witnesses—*either* (a) failed to provide Weems with a level of service comparable to that enjoyed by non-disabled claimants *or* (b) deliberately failed

---

[18] The omitted findings merely recite the procedural history of the case.

[19] The Department suggests that Weems does not have a disability because he has not been found incompetent to represent himself. But Weems correctly observes that an individual may have a disability yet still be competent.

[20] Relying entirely on speculation, Weems and the Board dispute whether he could have hired an attorney on a contingency fee basis.

to accommodate Weems's disability so as to discriminate against him. *Duvall*, 260 F.3d at 1138-39; *Fell*, 128 Wn.2d at 639-40. Fourth, the superior court did not determine whether the appointment of counsel at public expense would unduly burden the Board. *See Randolph*, 170 F.3d at 858; *Fell*, 128 Wn.2d at 642.

Notwithstanding the absence of findings of fact resolving these issues, the parties invite us to make our own factual determinations. But we decline the invitation because it is not the role of an appellate court to find facts. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009). On the record before us, we cannot consider Weems's argument.[21]

C. *Remedy*

Having concluded that the findings of fact here are inadequate to support appellate review, we must now fashion an appropriate remedy. In *Groff*, our Supreme Court (1) set aside the superior court's judgment and the findings of fact and conclusions of law on which it was based and (2) remanded the case for the superior court to enter adequate findings of fact, appropriate conclusions of law, and a new judgment. 65 Wn.2d at 47. The remand in *Groff* did not prejudice the right of any party to appeal from the new judgment. 65 Wn.2d at 47.

Likewise, we vacate (1) the March 8, 2013 order granting the Board's motion to reconsider and (2) the findings of fact, conclusions of law, and order entered on November 20, 2012. We remand this case to the superior court for the entry of new findings of fact, new

---

[21] Weems further requests an award of reasonable attorney fees and costs on appeal. The prevailing party on appeal may recover attorney fees and costs when applicable law authorizes the award. RAP 18.1(a). But because Weems has not prevailed, we deny his request.

No. 44713-4-II

conclusions of law, and a new judgment. Any party aggrieved by the superior court's decision on remand may seek review as provided by the Rules of Appellate Procedure. RAP 2.1(a), 3.1.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Hunt, P.J.

Melnick, J.

17